## PHILLIPS ET AL. v. BRILL ET AL.

APPEAL AND ERROR—RULES OF COURT—BRIEFS—DEFAULT—EXTENSION
OF TIME FOR FILING—SICKNESS OF COUNSEL.

1. In the absence of express statutory authority, a court of record possesses inherent power to make reasonable rules for the regulation of the practice therein and the conduct of its business, not in conflict with the constitution or statutes.

2. The power to make such rules is expressly conferred upon the Supreme Court by statute. (R. S. 1899, Sec. 3286.)

3. The power to suspend the operation of a rule of court in the interest of justice, or to avoid the infliction of the penalty for its non-observance, is the same whether the rule has been adopted under statutory authority or the inherent powers of the court.

4. Court rules are to be strictly or liberally construed according to the principles controlling the construction of statutes in that respect. The purpose as well as the terms of the rule are to be considered.

5. Though an error complained of will be waived if not referred to in the brief of plaintiff in error, the brief does not take the place of an assignment of error, and the failure of the plaintiff in error to file and serve his brief within the period limited by the rules does not divest the court of jurisdiction so as to prevent thereafter an order allowing the brief to be filed, upon a showing of good and sufficient cause excusing the failure.

6. Upon a motion filed after the expiration of the time limited by the rules for the filing and serving briefs of plaintiff in error, the court has power to extend the time therefor, but it should be sparingly exercised and only in extreme cases to prevent an apparent injustice, and the reasons should be strong and clearly shown.

7. The incapacity, through serious illness, of the sole counsel for plaintiffs in error, occurring without their knowledge while engaged in preparing briefs in the cause, held sufficient cause to extend the time for filing and serving briefs after default, it further appearing that no motion to dismiss had been filed, and that immediately upon being informed of the situation the plaintiffs in error procured special counsel to file a motion for an extension of time supported by affidavits of attending physicians and such regular counsel, the latter then approaching recovery.

[Decided June 10, 1907.]                    (90 Pac., 443.)

Error to the District Court, Converse County, Hon. Richard H. Scott, Judge.

Heard on motion after default for an extension of time to file and serve briefs of plaintiff in error. The facts are stated in the opinion.

*T. Blake Kennedy,* for plaintiffs in error (for the purpose of the motion).

Having power to adopt a rule, the court has power to revoke it at will, and also to modify it for the purpose of a certain class of cases; and to make special rules for the government of each cause, as the exigencies thereof may demand. The rules are adopted to accomplish the ends of justice, and are, therefore, at all times under the control of the court. (Deming v. Foster, 42 N. H., 178; Pickett v. Wallace, 54 Cal., 147; Symons v. Bunnel (Cal.), 20 Pac., 859.) None of the former cases decided by this court touch the precise question here presented upon the facts. There is clearly shown an unavoidable casualty—an overwhelming necessity, such as ought to require the granting of the motion to extend the time for briefs. The sole counsel was not only sick, but unable to communicate with his clients or engage the assistance of other counsel.

*Burke & Clark,* for defendants in error.

The court rules are as binding upon the court and parties as though they were enactments of the Legislature. (R. S. 1899, Sec. 3286.) There is no authority in the rule for an extension of time after the occurrence of default. The binding character of the rule prevents the granting of the present motion. (18 Ency. Pl. & Pr., 1267; Johns v. Adams Bros., 2 Wyo., 194; Cronkhite v. Bothwell, 3 Wyo., 735, 739; Spencer v. McMaster, 3 Wyo., 105; Robertson v. Shorow, 10 Wyo., 368; Sheehan v. Ditch Co., 12 Wyo., 176.) Had the active plaintiff in error in this case used diligence he might have become informed of the situation

before the time for briefs had expired.   Being himself an attorney, he is supposed to be familiar with the rules of procedure.

POTTER, CHIEF JUSTICE.

After the time for filing the brief for plaintiffs in error in this case had expired under the rules the plaintiffs in error, through special counsel engaged for that purpose, filed a motion asking for additional time.   The motion is supported by affidavits showing that the failure to file and serve briefs was caused by the serious sickness of the sole counsel who represented the plaintiffs in error in the court below and had been engaged to prosecute this appeal; that the sickness of said counsel was unknown to the plaintiffs in error, and until a very short time before the filing of the motion they had not been aware of the failure to file and serve their briefs; that the sickness of said counsel still continued, but that he was being treated in a hospital in a neighboring state and was recovering, and would soon be able to attend to the matter.   There has been no motion to dismiss, but the defendants resist the motion to have the time extended on the ground that under the rules the plaintiffs in error are in default and are not entitled to the relief asked.

The statute provides that the Supreme Court may prescribe rules of practice for said court not inconsistent with the constitution or laws of this state, and that when said rules are adopted the same shall be as binding upon the court and attorneys thereof and the parties having business therein as though the same were enactments of the Legislature. (Rev. Stat., Sec. 3286.)   Rule 15 of this court provides that within sixty days after filing the petition in error the plaintiff in error shall file with the clerk four copies of his brief and serve upon or mail to the opposite party or his attorney of record one other copy of such brief; and that within forty-five days after the expiration of said sixty days the defendant in error shall file and serve his brief.   Rule

21 provides that when the plaintiff in error or party holding
the affirmative has failed to file and serve his brief as re-
quired by the rules, the defendant in error or party holding
the negative may have the cause dismissed, or may submit it,
with or without oral argument. Rule 20 provides that "by
consent of parties, or for good cause shown before the ex-
piration of the time allowed, the court or a justice thereof
in vacation may extend the time for filing briefs."

In Cronkhite v. Bothwell, 3 Wyo., 739, these rules, in
connection with the statute aforesaid, were considered and
the opinion in the case contains some expressions that might
indicate a view that a rule when once adopted is mandatory
and should not in any case be waived or suspended while it
remains in force; although in that case the only point clearly
decided was that the excuse given for the failure to file the
brief, viz.: that the attorney, who was a non-resident of
the state, had mistakenly supposed the time for filing briefs
to be ninety instead of sixty days was not sufficient, and
that a motion made to dismiss because of the failure to file
and serve the brief within the time allowed should under
such circumstances be sustained; and the motion to dis-
miss in that case was sustained. It was, however, said:
"It may be possible that no statute could take from a
court of last resort the power to suspend its rules to pre-
vent injustice, as it seems that the power of such a court
to prescribe its own rules is inherent and necessary to the
exercise of the power lodged in the judiciary. It may be
that the Legislature has no power broad enough to fetter
or control the courts of superior and appellate jurisdiction
so as to preclude the exercise of independent judicial dis-
cretion or judgment. There might be cases of unavoidable
casualty or overwhelming necessity presented where the
court would be justified in waiving or suspending a rule,
even though it is provided that it shall have the binding
effect of a statute." In a few other cases since that case
was decided motions to dismiss on the ground of a failure
of the plaintiff in error to file and serve briefs within the

time prescribed have been sustained, the court being of the opinion in each case that the excuse presented for the failure was clearly insufficient to justify a refusal to enforce the rule.

In the absence of express statutory authority a court of record possesses inherent power to make reasonable rules for the regulation of the practice therein and the conduct of its business, not in conflict with the constitution or statutes. (11 Cyc., 740; 8 Ency. L. (2d Ed.), 29, 30.) The power is expressly conferred upon this court by the statute above cited. The authorities are involved in some conflict as to whether the operation of rules adopted pursuant to statutory authority or by virtue of the inherent power of the court may be suspended or dispensed with in particular cases, where a discretion has not been reserved in the rules themselves. Some courts maintain that rules of court are equally binding upon the court and the parties, and while continuing in force should be administered according to their terms, unless a discretion in the matter is expressly reserved; it is held by others that since rules are made to aid in administering and not thwarting justice they may reasonably, but not arbitrarily, be dispensed with when the ends of justice so require. (18 Ency. Pl. & Pr., 1267; 11 Cyc., 743.) In two territorial cases the rule as to filing printed abstracts was strictly construed, though in one of them the cause was decided upon the merits for the reason that it had been continued upon that express understanding. (Halleck v. Bresnahen, 3 Wyo., 73; Spencer v. McMaster, 3 Wyo., 105.) In neither of those cases, however, was it distinctly held that the court might not grant further time for filing the abstract upon good cause shown. In Spencer v. McMaster it was said, in view of the facts, that to reinstate the case and allow the plaintiff in error then to print the abstract would be sanctioning a practice so loose as to be inconsistent with equity or justice.

The power to suspend the operation of a rule in the interest of justice, or to avoid the infliction of the penalty

prescribed for its non-observance, we think will be the same whether the rule has been adopted under statutory authority or the inherent powers of the court. · In either case the power to adopt rules is ordinarily at least equally complete and effectual. It is generally held that rules of court are to be construed in the same manner as statutes, and there is a well recognized distinction between statutes in respect to whether they should be given a strict or liberal construction. In that particular much depends upon the purpose of the statute, as well as its terms. There appears to be no good reason for not applying a similar principle to court rules, since it would be applicable had they been enacted by the Legislature instead of adopted by the court.

Though the rule as to extension of time for filing briefs is intimately connected with the rules prescribing the time for such filing in the first instance, and the consequences of a failure to file within the time allowed, we are not here considering the question of imposing or refusing to impose either of the prescribed penalties for the default. The defendant in error upon the default of the plaintiff in error for briefs may, under the rule, have the cause dismissed, or may submit it with or without oral argument. The case of Cronkhite v. Bothwell, *supra,* had been first dismissed upon motion, after *ex parte* hearing, but was subsequently reinstated upon its being made to appear that the motion for dismissal had not been served upon the opposite party as required by another rule. So far no motion to dismiss or to submit the cause has been filed. The question before us, therefore, is whether the court has the power, and should in this case exercise it, to extend the time for the brief of plaintiff in error upon a motion therefor filed after default has occurred.

Under our practice a brief does not take the place of an assignment of error. The errors complained of are required to be set out in the petition in error; though it is held that any error thus complained of not referred to in the brief of plaintiff in error will be regarded as waived or

abandoned. Each brief is required to contain a statement of the points and authorities relied upon and to refer specifically to the page and portion of the record where the question under discussion arises. The briefs, therefore, serve to point out where the errors alleged may be found in the record, and to assist the court in their consideration; but the briefs are not jurisdictional. In the absence of a brief on behalf of plaintiff in error a defendant in error may waive his right to have the cause dismissed and may submit the same; though no doubt the court in such case might well refuse to search the record to ascertain whether or not error had been committed, and affirm the judgment upon the principle that whatever errors might be shown by the record are waived unless pointed out by brief. But the right of the court to enter an order affirming the judgment assumes the fact of jurisdiction.

We need not decide, however, whether upon the filing of a motion to dismiss it would be proper in any case to deny it and thereupon extend to a plaintiff in error the privilege of filing briefs, notwithstanding his default. The rule as to extension of time authorizes the same upon good cause shown, or by consent of parties, before the expiration of the time allowed, by an order of the court or a justice thereof in vacation. It is clear that a party might waive a default of his adversary in the matter of time by failing or refusing to take advantage of it, subject, we suppose, to objection on the part of the court; and no doubt cases where such waiver has occurred have been submitted to the court and decided. But should that rule receive such a liberal construction as to authorize the court upon a proper showing to extend the time after default in any case over the objection of the opposing party?

The rule does not in terms prohibit such action by the court. Its language is affirmative and not negative. It expressly permits an extension before the expiration of the time allowed, and stops there. We have no doubt that the implication is strong against the right to any extension

after the time has elapsed, and that if the power then exists to grant an extended time it should be sparingly exercised and only in extreme cases to prevent an apparent injustice. The limitation of the time for filing briefs is plainly intended to aid in the prompt administration of justice by bringing the litigation to an end as speedily as may be consistent with the rights of the respective parties to be heard. That being a reasonable and beneficent purpose, the limitation should be quite rigidly enforced. We are of the opinion, however, that to so construe the rule as preventing for any cause an extension of time by the court after the time allowed has expired might work in some cases a manifest injustice. It seems to us that in aid of the very purpose to accomplish which the rule was adopted, that of administering justice, the court should be held upon proper showing to have the power to grant such a motion as the one before us, although filed after the expiration of the period within which the brief might have been regularly filed and served. We do not think the rules ought to be construed as divesting the court of that power. In justice to the other party the reasons for its exercise should in any case be strong and clearly shown.

In this case it appears without controversy that the sole counsel for plaintiffs in error, while engaged within the period allowed in preparing briefs in this and other cases involving some of the same questions, was taken sick and became confined to his home under the care of physicians, and was suffering from a serious nervous disorder incapacitating him from attending to any business, and while in that condition the time for the brief expired; that he was later removed to a hospital in a neighboring state and was there being treated and gradually approaching recovery when this motion was filed. These facts are shown by the affidavits of said counsel and his physician. It also appears that the plaintiffs in error do not reside in the same city with counsel, and that they had no knowledge of his sickness or inability to attend to business, or of the

default, until just before the filing of the present motion; that one of the plaintiffs in error immediately upon learning of the situation came to the capital of the state, where this court is held, and took steps to procure an extension of time, which resulted in engaging special counsel for that purpose and the filing of this motion; that about three weeks before the expiration of the time for filing the brief said plaintiff in error had a personal consultation with his regular counsel, and then understood that the briefs would be filed within the time limited therefor.

We think these facts disclose strong reasons for the extension applied for. The motion will be granted; and the plaintiffs in error will be allowed a reasonable time in which to file and serve their brief, and the defendants in error a sufficient time thereafter to file and serve their brief.

BEARD, J., concurs.

SCOTT, J., did not sit, having been the presiding judge in the cause in the court below.