## LARAMIE COUNTY v. GOSHEN COUNTY.

(No. 826;  Decided April 16th, 1915;  147 Pac. 621.)

APPEAL AND ERROR—TIME FOR FILING BRIEFS—EXTENSION OF TIME—INVALIDITY OF EXTENSION ORDER MADE AFTER EXPIRATION OF TIME—COMPUTATION OF TIME.

1. An order extending time for filing briefs inadvertently made after the time for filing briefs had expired upon the mistaken statement of counsel, that the time had not expired, was void, and the proceedings in error must under Rule 21 be dismissed on motion of defendant in error.

ERROR to the District Court, Goshen County; HON. WILLIAM C. MENTZER, Judge.

ON MOTION TO DISMISS.

*Samuel M. Thompson,* County and Prosecuting Attorney, for plaintiff in error.

*John L. Sawyer,* County and Prosecuting Attorney (Wm. C. Kinkead of counsel), for defendant in error.

BEARD, JUSTICE.

The defendant in error has filed a motion to dismiss the proceedings in error on the ground that plaintiff in error failed to file its brief within the time required by the rules of this court.  By Rule 15, plaintiff in error is required to file his brief within sixty days after filing his petition in error.  Rule 21 provides that for a failure of plaintiff in error to file his brief as required by the rules, the defendant in error may have the cause dismissed.  And Rule 20 provides, "By consent of parties, or for good cause shown before the expiration of the time allowed, the court or a justice thereof in vacation may extend the time for filing briefs."  The petition in error was filed December 11, 1914, and the brief of plaintiff in error was filed February 16, 1915, more than sixty days after the filing of the petition in error.  The time for filing such brief expired February 9, 1915, unless extended under Rule 20.  It is not claimed that the time was extended by consent; but it appears that on

February 10, 1915, counsel for plaintiff in error having erroneously counted the number of days, as he stated in oral argument, applied to the Chief Justice for an order extending the time for filing his brief until and including February 16, 1915. The Chief Justice, relying upon the mistaken statement of counsel that the time had not expired, made such order. Counsel for defendant in error contend that as the order was inadvertently made under a misapprehension of the situation it was void and did not have the effect of extending the time. We think that contention will have to be sustained. The language of the rule is plain and explicit that the application and showing for an extension of time must be made before the expiration of the time allowed by the rule. In Cronkhite v. Bothwell, 3 Wyo. 739, 31 Pac. 400, the court said: "The application for this extension of time must be made before the expiration of the time fixed by the rule for filing briefs, and no provision is made for such extension thereafter, however satisfactory to the court the reasons may be for extending the time." (See also Robertson v. Shorow, 10 Wyo. 368, 69 Pac. 1.) It is not claimed that the case is one where "unavoidable casualty or overwhelming necessity" prevented the filing in time; but on the contrary it is simply a case where counsel did not take the necessary precaution to see when the time expired, but allowed it to expire without procuring an extension of time for filing his brief. In such case it has been repeatedly held by this court that the defendant in error is entitled to have the proceedings in error dismissed. (Ford v. Townsend et al., 143 Pac. 356, and cases there cited.) The motion to dismiss the proceedings in error is granted and the proceedings dismissed.                     *Dismissed.*

POTTER, C. J., and SCOTT, J., concur.