[No. 8996.]

### Morford v. Colorado Home Investment Company.

Appeal and Error—*Practice—Tender of Record—Extension of Rule.* Where the period is allowed by the Rules of Practice (Rule 20, Sub. C.) for the tender of the record in error has elapsed, there can be no extension thereof. The record having been tendered only after such default, and improper extension, the writ of error was dismissed.

*Error to Denver District Court.* Hon. George W. Allen, Judge.

Mr. Caesar A. Roberts, Mr. Leslie M. Roberts, for plaintiff in error.

Mr. Charles R. Bosworth, for defendant in error.

Mr. JUSTICE WHITE delivered the opinion of the court.

Judgment was entered in favor of defendant in error, and motion for a new trial filed by plaintiff in error. Thereafter and on June 28, 1915, the motion for a new trial was denied, and sixty days allowed plaintiff in error in which to prepare and tender her record on error. Nothing was done within the time specified. However, on August 28, 1915, plaintiff in error, without notice to defendant in error, made application for an extension of time for thirty days additional in which to prepare and tender the record on error, and the same was allowed by the court. Thereafter and on September 15, 1915, and again on October 27th, further extensions were allowed, all of which were without notice to defendant in error. The defendant in error has filed a motion to strike the alleged record on error from the files, and to dismiss the writ of error upon several grounds, only one of which we deem necessary to consider, to-wit: that the trial court was without jurisdiction, right or power to enter the order of August 28, 1915, giving the plaintiff in error thirty days additional time in which to prepare and serve the record on error, in that the order was applied for, made and entered of record after the expiration of the time fixed and allowed in which to prepare and serve the record on error.

Sub-division C. of No. 20 of the Rules of Practice and Procedure in Civil Causes requires the plaintiff in error, within sixty days from the date a motion for a new trial is denied, to serve upon the opposing parties or their attorneys, the original record on error or a copy thereof; and sub-division E. of said rule authorizes the court or judge, upon good cause shown, to extend the time for preparing the record on error, and the time

within which such record may be furnished to the opposing party. Under the aforesaid sub-division C. of the rule, and by the order of the court entered at the time of overruling the motion for a new trial, plaintiff in error had and was allowed sixty days within which to prepare and serve her record on error. Sixty-one days elapsed between the day of the order, and any action upon the part of plaintiff in error in preparation of her case for review by this court. It was only after such default that she applied for, and was given, additional time to prepare and serve the record. The court was then without authority in the premises. While the rule does not expressly provide that the application and order for extension of the time, in which to prepare and serve the record on error, be made within the time previously fixed for that purpose, it is, nevertheless, certain that such is its meaning. There can be no extension of that which has already elapsed or ended. The principle here applicable has been declared and applied under the former practice in relation to the preparation and presentation for approval of bills of exception and statements of appeal.—*Cranmer v. Kansas Pacific Ry. Co.*, 4 Colo. 96; *Cody v. Filley, et al., idem,* 436.

The motion to strike is, therefore, sustained and the writ of error dismissed.

Decision *en banc.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE BAILEY not participating.

Decided October 2, A. D. 1916. Rehearing denied January 2nd, A. D. 1917.