## FRIED v. GUIBERSON

(No. 1051; Decided November 29, 1921; 201 Pac. 854)

Appeal and Error—Briefs--Extension of Time After Expiration Thereof.

1. By consent of parties, or for good cause shown, before expiration of the time allowed, the Supreme Court or a justice thereof in vacation may extend the time for filing briefs.

2. The Supreme Court has power, after the expiration of the time for filing and serving briefs, to extend the time.

3. Plaintiffs in error held entitled on a showing made, to an extension of time for filing briefs on motion made after the expiration of the time.

4. The filing of briefs by plaintiffs in error after the time for such filing had expired, and pending motions for extension of time for dismissal, was ineffectual, but the court, believing such filing was not intended as a violation of the rules, but to show diligence in support of the motion for extension, might, on granting such motion, permit the refiling of such briefs.

ERROR to the District Court, Converse County, HON. RALPH KIMBALL, Judge.

Action between Julius Fried and another and S. A. Guiberson, Jr. To the judgment, Julius Fried and another bring error.

Heard on motion to extend the time of plaintiffs in error for filing and serving briefs. No briefs.

*W. C. Shelton* and *Maurer & Walker,* for plaintiffs in error.

*Robert D. Hawley,* for defendant in error.

POTTER, Chief Justice.

This cause has been heard upon the motion of plaintiffs in error for an extension of the time for the filing and serving of their brief; said motion having been filed after the time fixed by our rules for filing and serving such brief had expired.

The petition in error was filed in this court on May 13, 1921, and the sixty days from that date allowed by the rules for filing and serving the brief of plaintiffs in error expired on July 12, 1921, there having been no order of the court or a justice thereof before that date extending said time. The motion for extension of time was filed on July 29, 1921, and it states the following as grounds therefor: (1) That after the filing of the petition in error and during the course of the preparation of the brief by W. C. Shelton, the attorney for the plaintiffs in error charged with the duty

of the preparation of said brief, he was stricken with a
serious illness, confining him to his bed for many days, un-
der the care of a doctor and a nurse, leaving him threatened
with nervous prostration, and continuously, during all the
period of said 60 days, under the care of a physician and
unable to prepare the brief and file the same within the
time allowed. (2) That on June 19, 1921, the senior part-
ner of said attorney suffered a stroke of apoplexy and died
on June 22, which was a great shock to said counsel and
further incapacitated him for work for several weeks.
(3)  That said attorney, during the week in which the
death of his senior partner occurred, consulted the rules
of this court and understood them to allow 60 days from
the filing of the bill of exceptions and record in this court
for the filing and serving of the brief of a plaintiff in error;
said misunderstanding of the rules being caused by his ill-
ness and mental condition at the time. (4) That an appli-
cation was in fact made for an extension of time on July
12, 1921, by a telegram to one of the justices of this court.

While the affidavit of said counsel in support of the
fourth ground states that the application for extension
by said telegram was made on July 12, prior to the expira-
tion of the time for said brief, it should be said, although
it is not a matter of record in the cause, that said telegram
was sent as a night letter from Los Angeles, California,
where counsel aforesaid resides, and was not received by the
justice to whom it was addressed until July 13, the day after
the expiration of the time for said brief, and too late for
an order by said justice extending the time; our rule in
that respect providing that by consent of parties, or for
good cause shown before the expiration of the time allowed,
the court or a justice thereof in vacation, may extend the
time for filing briefs. (Laramie County v. Goshen County,
23 Wyo. 207; 147 Pac. 621; Laramie County v. Platte
County, id. 209; 147 Pac. 622.)

The other grounds stated in the motion are supported
by affidavits of said attorney for plaintiffs in error, two
physicians who attended him during his sickness, and

another practicing attorney of Los Angeles who maintained
an office in connection with him, and they show that dur-
ing the period allowed for said briefs under the rules the
said attorney for plaintiffs in error was incapacitated for
work, for the reasons stated in the motion. There are no
opposing affidavits. The defendant in error, however, after
the filing and before the hearing of said motion for exten-
sion of time, filed a motion to dismiss on the ground of the
failure of plaintiffs in error to file and serve their brief
within the time required by the rule. But although the lat-
ter motion was called to the attention of the court it was
not submitted at the hearing upon the motion of plaintiffs
in error, and has not since been submitted, nor has another
motion of the defendant in error to strike the bill of excep-
tions, filed on July 29, 1921, been submitted.

That the court has power after the expiration of the time
for filing and serving briefs to extend the time was settled
by the decisions in Phillips v. Brill, 15 Wyo. 521, 90 Pac.
443, and Whiting v. Straup, id. 530, 90 Pac. 445. It was
said in Phillips v. Brill that the rule does not in terms pro-
hibit such action by the court; that its language is affirma-
tive and not negative, expressly permitting an extension
before the expiration of the time allowed, and stopping
there; that to construe the rule as preventing in any case
an extension after the expiration of the time allowed might
work in some cases a manifest injustice, and that while
the limitation should be quite rigidly enforced, yet, in aid
of the very purpose to accomplish which the rule was
adopted, that of administering justice, the court should be
held upon proper showing to have the power to grant a mo-
tion for extension although filed after the expiration of
the period within which the brief might have been regularly
filed and served. But it was further said that the power
should be sparingly exercised, and only in extreme cases to
prevent an apparent injustice, and that, in justice to the
other party, the reasons for its exercise in any case should
be strongly and clearly shown.

In the two cases cited, the time of the plaintiff in error was extended on the ground of the serious illness of the sole counsel of the plaintiff in error, who were out of the city and without knowledge of their counsel's illness and incapacity until after the default had occurred. It appears from the record in this case that Mr. Shelton is not the sole counsel for the plaintiffs in error, and that the other counsel associated with him are resident attorneys of this state. But it appears also by Mr. Shelton's affidavit that he had been charged with the sole responsibility of the trial of the action in the district court, and the preparation of the brief in the Supreme Court, on behalf of the defendants below, plaintiffs in error here, and that his said associate counsel had taken no active part in the trial of the cause, and were not charged with the responsibility of preparing the brief in this court.

We think it clearly appears from the showing made by and in support of the motion that the plaintiffs in error were intending in good faith to prosecute the proceeding in error in strict compliance with the rules, and that the neglect in the matter of filing and serving the brief was due to the illness of their counsel aforesaid and his incapacity as a result thereof to prepare the same within the time allowed, and that said illness and the other misfortune mentioned may have led to a misunderstanding of our rule, which, while not reasonably subject to the construction placed upon it by counsel at the time of his examination of it in June, by anyone familiar with our practice, might, in good faith, have been misunderstood, considering the condition in which counsel was shown to have been at the time. The rule referred to provides: "Within sixty days after filing in this court the petition in error, or record on appeal, the plaintiff in error, or the appellant, in both civil and criminal causes shall file with the clerk four copies of his brief, and shall also within that period serve upon or mail to the opposite party or his attorney of record, one other copy of such brief." The rule refers to two methods of bringing causes to this court for appellate review; one being a proceeding

in error and the other a direct appeal. The proceedings for taking a direct appeal all occur while the cause remains in the district court; the notice of the appeal is filed with the clerk of that court, and also the record for the appeal prepared as provided by statute, and, afterwards, the specifications of error, and jurisdiction of the cause is acquired by this court upon the filing of the record on appeal here; the statute providing that the record shall be transmitted to this court by the clerk of the district court, together with the specifications of error, authenticated by his certificate, attached thereto. A proceeding in error is instituted in this court by first filing a petition in error, and the record is afterwards brought into the cause here through an order issued by the clerk of this court, upon the written application of the plaintiff in error designating the original papers and journal entries desired and deemed necessary to exhibit the errors complained of. The parties are entitled in this court in a proceeding in error as plaintiff in error and defendant in error respectively, but on direct appeal as appellant and respondent respectively, without otherwise, on direct appeal, changing the title of the cause. It would be clear, therefore, to an attorney informed concerning the two appellate proceedings aforesaid, that the rule requires that in proceedings in error the brief of the plaintiff in error shall be filed and served within a stated time after the filing of the petition in error, and that in a case brought here by direct appeal, the appellant's brief shall be filed within said period after the filing of the record on appeal.

Where a rule of the Supreme Court of Oregon, fixing the time for filing brief was misunderstood by counsel, a case which had been dismissed for failing to file brief in time was reinstated, it appearing that the appellant was prosecuting his appeal in good faith, and that the rule was wrongly interpreted by counsel as to the time, in view of certain language of the court in a former case, referring to the rule; (Cole v. Willow River Land and Irr. Co., 60 Ore. 594, 118 Pac. 176.) But, if, in the case here, counsel's mis-

understanding of the rule was all that was offered as an ex-
cuse we might not feel inclined to grant the extension.
Upon the entire showing, however, we are satisfied that the
neglect should be held to be excusable, and that the exten-
sion applied for should be granted.    (Strattan v. Raine,
(Nev.) 192 Pac. 471; Wallace v. Portland Ry. L. & P. Co.,
88 Ore. 219, 159 Pac. 974; Weiffenbach v. Puget Sound B.
& D. Co. (Wash.) 174 Pac. 10; Borgmeyer v. Solomon
(Calif.) 178 Pac. 544; Yolo Water & P. Co. v. Edmonds,
(Cal.) 187 Pac. 755.)

It appears that since the hearing on the motion the plain-
tiffs in error have filed four copies of their brief, and an
affidavit showing the service of another copy upon counsel
for defendant in error.    It is said at the end of that brief
that it was written while there was pending a motion before
this court to extend the time within which to file it, and we
are satisfied that it was not intended to file the same in
violation of the rules, but to show the good faith of plain-
tiffs in error and their counsel, and possibly to accelerate the
time if an extension should be granted.    While such copies
of the brief were filed and served without right to do so at
the time, as against the motion to dismiss and in view of
the default, there seems to be no good reason, since an ex-
tension of time is to be granted, why they should not be per-
mitted to be refiled with directions that another copy of the
brief be served upon opposing counsel.    An order will ac-
cordingly be entered granting an extension of time to file
and serve the brief of plaintiffs in error, and fixing the
extended time at thirty days from and after the date of
this decision, but with permission to refile the copies pre-
viously filed as aforesaid.

BLUME, J., and TIDBALL, District Judge, concur.