## ATKINS v. HUNSAKER
(No. 1136; Decided April 2, 1923; 213 Pac. 757)

FAILURE TO FILE BRIEFS—DISMISSAL OF PROCEEDINGS IN ERROR.
  1.   Failure to file briefs or to apply for, or secure, an extension of time in accordance with Supreme Court Rule No. 21 is a sufficient ground for sustaining a motion to dismiss.

ERROR to District Court, Big Horn County; HON. P. W. METZ, Judge.

Heard on motion to dismiss for failure to file briefs.

*Paul Moss* and *L. S. Strahan,* for the motion.

The brief of plaintiff in error was due within sixty days from December 8th, 1922; no extension of time was applied for, or granted, and no brief was filed and served within the time therefor.   The proceedings should be dismissed.   (Supreme Court Rules 14, 15, and 21; 26 Wyo. 210.)   No exceptions were reserved by either of plaintiffs in error to the

order overruling their separate motions for new trial. (Section 5864 C. S. 1920.)

The proceedings should be dismissed.

*Thomas C. Marshall* and *Brome & Hyde,* contra.

POTTER, Chief Justice.

This case is here on error and has been submitted on motions to dismiss. The petition in error was filed and summons in error issued on December 8, 1922. The record was filed here on January 6, 1923. On February 16, 1923, defendants in error filed separate motions to dismiss, stating as a ground therefor the failure of plaintiffs in error to file and serve their brief within the time required by the rules. That time expired on February 6, 1923, no extension having been granted. It appears also that no application for an extension was filed. On February 19, 1923, the plaintiffs in error filed the required number of copies of their brief, and served a copy thereof upon opposing counsel, but without leave of court, or application therefor. Rule 21 provides that when the plaintiff in error has failed to file and serve his brief as required by the rules, the defendant in error may have the cause dismissed. No excuse has been offered for the default, probably for the reason that there was none to offer sufficient under our decisions to defeat a motion to dismiss where the default has not been waived. (Fried v. Guiberson, 28 Wyo. 208, 201 Pac. 854; Brown v. Brown, 210 Pac. 390.) The defendants in error are, therefore, entitled to have their motions sustained. (Robertson v. Shorow, 10 Wyo. 368, 69 Pac. 1.) The proceeding in error will accordingly be dismissed. Other grounds are stated in the motions but it is not necessary to consider them.

*Dismissed.*

BLUME and KIMBALL, JJ., concur.