## NELSON v. SUNSET OIL CO.*
## SUNSET OIL CO. v. NELSON
### (Nos. 1347, 1366; March 22, 1927; 254 Pac. 127.)

Appeal and Error—Briefs—Bills and Notes—Pleading—Costs— Penalty for Error Proceedings Without Reasonable Cause— Taxation of Extra Costs.

1. Where appellant failed to file brief within the 60 days allowed by rule 15, motion filed under rule 21 to dismiss the appeal will be granted.

2. Where petition, in action on promissory note, set out a copy of the instrument, stated amount due thereon, and that this amount was claimed by plaintiff, allegations of execution and delivery were unnecessary, in view of Comp. St. 1920, § 5676.

3. Proceeding in error by defendant, based on failure of petition to allege execution and delivery of note which was plainly unnecessary, *held* without reasonable cause, and taxation of extra costs under Comp. St. 1920, § 6372, warranted.

*See Headnotes:    (1) 3 CJ p. 1444 n. 2 New.    (2) 8 CJ p. 873 n. 75, 79; p. 874 n. 93; 15 CJ p. 281 n. 9.    (3) 15 CJ p. 283 n. 34.

Error to District Court, Niobrara County; C. O. Brown, Judge.

Action by Emma M. Nelson against the Sunset Oil Company. From a judgment for plaintiff, defendant appeals, and on dismissal of the appeal, defendant brings error.

*Edwin L. Brown,* for plaintiff in error.

The petition is insufficient in failing to allege delivery, which is as essential as the signing thereof; the petition alleges, as a mere conclusion of the pleadings, a sum due and owing plaintiff upon a promissory note, with interest from the given date, with an alleged copy of the note; the point was raised properly by demurrer to the petition, which was overruled and exceptions reserved; to cite authorities would be like making proof that the sun rises in the east.

*M. H. Neil,* for defendant in error.

The petition was sufficient under Section 5676 C. S., relating to abbreviated pleadings on instruments for the payment of money; Bates Pl. & Pr. 1908 Ed., Vol. 2, P. 1086; Brown v. Cow Creek Sheep Co., (Wyo.) 126 P. 886; Frontier Supply Co. v. Loveland, 88 P. 651. The note contained an unconditional promise to pay a certain sum of money.

*Per Curiam.*

This is an action brought by Emma M. Nelson, plaintiff, against the Sunset Oil Company, a corporation, defendant, on a promissory note dated September 21, 1920, for the principal sum of $1,000, made by said corporation to Andrew C. Nelson and Emma M. Nelson—Andrew C. Nelson having assigned his interest to Emma M. Nelson, the plaintiff. Judgment was entered for the plaintiff for the amount claimed. From that judgment said defendant took a direct appeal. The record on appeal was filed in this court on October 13, 1925. No brief on behalf of appellant was filed within the sixty days allowed by rule 15, the time having expired on December 12, 1925, appellant, however, filing a brief on December 16, 1925. Respondent, on December 21, 1925, filed a motion under rule 21 of the court to dismiss the appeal, because appellant had failed to file his brief in time. That motion must

be granted and an order dismissing the appeal will be entered. The W. Sheep Co. v. Pine Dome Oil Co., 29 Wyo. 59, 210 P. 389; Atkins v. Hunsaker, 29 Wyo. 411, 213 P. 757.

After the filing of the motion to dismiss, aforesaid, and on December 23, 1925, the Sunset Oil Company, defendant in the case below, filed in this court its petition in error from the judgment above mentioned, assigning as error, first, "that the petition in said action does not state facts sufficient to constitute a cause of action;" second, "that said judgment rendered in said cause is not based upon a petition which contains a statement of sufficient facts to constitute a cause of action." In that connection the only claim made by counsel for plaintiff in error is that the petition failed to allege that the note sued on was executed and delivered, and that such failure makes the petition fatally defective. The petition, among other things, alleges that "there is due and owing plaintiff from defendant the sum of $1518.75, which she claims with interest at 12 per cent from the 6th day of August, 1924, on a promissory note, of which the following is a copy, with all credits and endorsements to-wit." Then the note is set out in haec verba, the endorsement showing a payment of $100 and the assignment from Andrew C. Nelson to Emma M. Nelson, and the petition then proceeds to state "that no part of said note or interest has been paid except the said sum of $100 endorsed thereon, although said note is long past due." Judgment for the amount due is thereupon prayed.

Section 5676, W. C. S. 1920, reads as follows:

"In an action, counter-claim or set-off founded on an account or upon an instrument for the unconditional payment of money only, it shall be sufficient for a party to set forth a copy of the account or instrument with all credits and the indorsements thereon, and to state that there is due to him, on such account or instrument, from the adverse party, a specified sum, which he claims, with

interest; and when others than the makers of a promissory note, or the acceptors of a bill of exchange, are parties, it shall be necessary to state the facts which fix their liability."

The petition in the case at bar is in compliance with this statute. It sets out a copy of the instrument sued on; it states the amount due thereon to the plaintiff from the defendant, and that this amount is claimed by the plaintiff from the defendant. It was held in Brown v. Crow Creek Sheep Co., 21 Wyo. 1, 126 P. 886, that under the provisions of the foregoing statute, a petition in that form and containing such allegations is sufficient. It has further been held that no express averment of the execution of an instrument sued on is necessary, but that it is sufficient if it is alleged that the defendant is indebted to the plaintiff thereon. 8 C. J. 873. That is true at least when the petition is in conformity with the statutory provision above mentioned. 8 C. J. 874. The assignments of error herein are accordingly not well taken, and the judgment in the court below must be affirmed. Further, we cannot say that there was reasonable cause either for the direct appeal or the proceeding in error, and there should be taxed, accordingly, in case No. 1366, pursuant to section 6372, W. C. S. 1920, and aside from the other costs herein, a fee of $50 in favor of counsel for Emma M. Nelson, defendant in error. It is so ordered.

*Affirmed.*