May O. MARTENS and Charles F. Martens, Appellants (Defendants below),

v.

STATE HIGHWAY COMMISSION of Wyoming, Appellee (Plaintiff below).

No. 2979.

Supreme Court of Wyoming.

July 12, 1960.

E. E. Lonabaugh, Sheridan, for appellants.

Glenn A. Williams, Sp. Asst. Atty. Gen., Cheyenne, for appellee.

PER CURIAM.

The defendants Martens, appellants herein, have filed their appeal in this court from the judgment entered against them in the trial court on January 26, 1960. Notice of appeal was filed on February 23, 1960. The record on appeal was filed on April 26, 1960. On May 10, 1960, the plaintiff, State Highway Commission, appellee herein, filed a motion to dismiss the appeal for the reason that the defendants Martens failed to comply with Rule 75(a), Wyoming Rules of Civil Procedure, which provides as follows:

"(a) Designation of Contents of Record on Appeal. Within thirty days after filing the notice of appeal the appellant shall serve upon the appellee and file with the district court a designation of the portions of the record, proceedings, and evidence to be contained in the record on appeal, unless the appellee has already served and filed a designation. * * *"

It appears herein that no designation of the portions of the record as provided by Rule 75(a) was filed in the district court until April 19, 1960, and, for noncompliance with the rule, the appeal is subject to dismissal. Rule 18, Rules of the Supreme Court of Wyoming; 21 C.J.S. Courts § 176.

On April 19, 1960, counsel filed an application in the district court asking that the court should extend the time for designation of the portions of the record and an order to that effect was made by the court on the same day. Originally Rule 75(a) provided that the trial court might extend the time for designation of the portions of the record but that provision was deleted by an order of this court on September 26, 1958. Even if the authority to extend had by rule remained in the trial court, any request therefor must have been presented before the expiration of the thirty days provided by Rule 75(a) in which such designation may be made. Thus it is said in 4A C.J.S. Appeal and Error § 933c:

"An order extending the time to make, serve, and file a case or statement must ordinarily be made before the expiration of the time fixed by statute or rule of court for service in the first instance, or within the limit of a previous valid extension of time; otherwise the order of extension will be invalid. * * *"

See also 4A C.J.S. Appeal and Error § 934 and 4 C.J. 450, n. 2. Thus it was said in Morford v. Colorado Home Inv. Co., 62 Colo. 310, 162 P. 147, 148: "There can be no extension of that which has already elapsed or ended." The rule is recognized in the Wyoming Rules of Civil Procedure (Rule 73(g)) in that the court may extend the time for filing the record on appeal provided that the order for extension is made before the expiration of the period for filing and docketing the appeal. Under Rule 12(i), Rules of the Supreme Court of Wyoming, this court may extend the time for filing briefs but the rule provides that such extension must be made before the expiration of the time allowed. See also Coffee v. Harris, 27 Wyo. 394, 197 P. 649. In Adams v. Hobbs, 204 Okl. 85, 226 P.2d 913, 914, the court, speaking of extensions of time generally, stated:

"* * * In all these cases it was consistently held that a valid order extending the time could only be made prior to the expiration of the time allowed by statute, or by a previous order of the court, and could not be made afterwards. * * *"

See further Jordan v. Unknown Heirs of Brower, Okl., 274 P.2d 401. In nonjurisdictional matters this court, perhaps, has power to extend the time of filing after

the expiration of the time allowed by statute or by rule of the court. That was held to be true in Fried v. Guiberson, 28 Wyo. 208, 201 P. 854, involving the filing in this court of a brief in time. It was said in that case that such power should be exercised sparingly and only in extreme cases to prevent an apparent injustice. In the case at bar the only reason given by counsel for not complying with Rule 75(a) was that the designation had not been filed through error of counsel. That is not a sufficient reason.

The appeal herein must accordingly be, and is, dismissed.

Dismissed.