Norman A. GIGAX, Plaintiff-Appellant,

v.

The STATE PERSONNEL BOARD of
the State of Colorado,
Defendant-Appellee.

No. 80CA0717.

Colorado Court of Appeals,
Div. II.

April 30, 1981.

Rehearing Denied May 28, 1981.

Certiorari Granted Aug. 4, 1981.

Wegher & Fulton, P. C., Paul A. Linton,
Denver, for plaintiff-appellant.

J. D. MacFarlane, Atty. Gen., Richard F.
Hennessey, Deputy Atty. Gen., Mary J.
Mullarkey, Sol. Gen., Kenneth S. Lieb, Asst.
Atty. Gen., Denver, for defendant-appellee.

PIERCE, Judge.

Plaintiff appeals from an order granting
defendant's motion to dismiss plaintiff's
complaint in the district court. We reverse.

Plaintiff was a certified employee of the
Department of Social Services. He was
dismissed from his employment on Septem-
ber 20 by letter, advising him of his dismiss-
al and also advising him of his right to
appeal the action to the State Personnel
Board within 10 days of his receipt of the
letter.

On November 19, plaintiff filed with the
defendant Board his request for extension
of time in which to file his appeal and his
petition for appeal. On January 11, 1980,
plaintiff received through his counsel, a let-
ter advising him that the Board was prohib-
ited from accepting an appeal outside the
time limits provided in its rules and regula-
tions and that it would not grant his re-
quest nor accept the appeal.

Plaintiff filed a C.R.C.P. 106 action seek-
ing review of the Board's action. The court
dismissed the complaint, apparently on the
ground that the Board lacked jurisdiction to
act on plaintiff's request because plaintiff
had not met jurisdictional filing deadlines.

Department of Social Services Personnel
Rules § 7–6–1 states:

"Any person desiring to appeal a discipli-
nary action shall, within 10 calendar days
of receipt of notice of the action taken,
file a written petition with the Board.
*The 10–day period may not be extended,
except in exceptional cases for good cause
shown.* If the employee fails to petition
the Board within 10 days *or within the*

time as extended for good cause shown, the action of the appointing authority shall be final and not reviewable." (emphasis added)

Similarly, § 24–50–125(3), C.R.S.1973, states:

"Within ten days after the receipt of the notification required by subsection (2) of this section *or within such additional time as may be permitted by the board in unusual cases for good cause shown*, the employee may petition, the board for a hearing upon the action taken. *Upon receipt of such petition the board shall grant a hearing to the employee.* If the employee fails to petition the Board within ten days *or within such additional time granted by the board*, the action of the appointing authority shall be final and not further reviewable." (emphasis added)

Neither provision requires that a request for an extension of time be filed within the stated 10 day period.

▆▆▆ We rule that the provisions are unambiguous and that they both provide that the board may entertain a petition for review after the 10 day period and that it may grant a review of a dismissal if it finds that the petitioner had good cause for failing to file within the 10 day period. Therefore, we remand to the district court with directions that it remand the case to the Board and that the plaintiff in this action be granted a hearing on the issue of whether he had good cause for failing to file his appeal within the 10–day time limit.

The other issues raised by plaintiff are either without merit, or are premature.

The judgment is reversed and the cause is remanded for further proceedings as specified above.

VAN CISE and KELLY, JJ., concur.