The STATE PERSONNEL BOARD of the State of Colorado, Petitioner,

v.

Norman A. GIGAX, Respondent.

No. 81SC206.

Supreme Court of Colorado,
En Banc.

March 7, 1983.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Kenneth S. Lieb, Asst. Atty. Gen., Denver, for petitioner.

Wegher & Fulton, P.C., Paul A. Linton, David R. DeMuro, Denver, for respondent.

HODGES, Chief Justice.

We granted certiorari to review the decision of the court of appeals in *Gigax v. State Personnel Board,* 632 P.2d 630 (Colo. App.1981). We reverse the judgment of the court of appeals.

Norman A. Gigax, an employee of the Colorado State Department of Social Serv-ices (Department), was advised by a letter from the Department that he had been dismissed pursuant to State Rules and Regulations § 7–7–1(A). That provision permits termination of a state employee who is convicted of either a felony or an offense involving moral turpitude. Mr. Gigax had been convicted of filing a fraudulent withholding exemption certificate in violation of 26 U.S.C. 7205.

In its letter of September 28, 1979, the Department informed Mr. Gigax that he had ten days to appeal his termination to the State Personnel Board of the State of Colorado (Board). However, Mr. Gigax took no action until November 19, 1979, when he filed a request for an extension of time in which to file an appeal. The Board denied his request because it was not filed within the ten-day period specified in section 24–50–125(3), C.R.S. 1973:

"(3) Within ten days after the receipt of the notification required by subsection (2) of this section or within such additional time as may be permitted by the board in unusual cases for good cause shown, the employee may petition the board for a hearing upon the action taken. Upon receipt of such petition, the board shall grant a hearing to the employee. If the employee fails to petition the board within ten days or within such additional time granted by the board, the action of the appointing authority shall be final and not further reviewable."

Mr. Gigax filed a complaint in the district court seeking a reversal of the Board's action. After a hearing on the Board's motion to dismiss the complaint, the district court granted the motion. Mr. Gigax then appealed to the court of appeals which reversed the judgment of the district court. The court of appeals noted that nothing in section 24–50–125(3) "requires that a request for an extension of time be filed within the stated ten-day period." It therefore ruled that the Board may review a dismissal if it finds that an employee had good cause for failing to file anything within the ten-day period. The court of appeals ordered that the case be remanded to the

Board with instructions to conduct a hearing on the issue of whether Mr. Gigax had good cause for delay.

We do not agree with this interpretation of section 24–50–125(3), C.R.S. 1973, and hold that this provision requires that an employee dissatisfied with a decision of the Board must file either a petition for review or a request for extension of time within the ten-day limit or the decision becomes final. This interpretation of this statutory provision is the meaning intended by the General Assembly.

Promoting the finality of decisions by the Board was clearly one of the General Assembly's primary objectives when it incorporated a ten-day time limitation into section 24–50–125(3). This goal would be defeated, however, if we upheld the court of appeals' interpretation of the statute. Under its interpretation a dismissed employee could move for an extension at any time and the Board would be required to conduct a good cause hearing. Then, if any good cause were shown, the case would be reviewed on its merits.

In *Morford v. Colorado Home Investment Company,* 62 Colo. 310, 162 P. 147 (1916), this court was confronted with a similar issue. That case involved a rule of civil procedure then in effect which required a party within sixty days from the date of denial of a motion for new trial, to serve the record on appeal upon opposing parties and/or counsel. The rule authorized the trial court, upon good cause shown, to extend the time for preparing and serving the record but did not specify that the request for an extension must be made within the sixty-day period. The trial court granted an extension of time in which to file the record after the sixty days had expired. This action was successfully challenged on appeal. This court stated:

"While the rule does not expressly provide that the application and order for extension of time in which to prepare and serve the record on error, be made within the time previously fixed for that purpose, it is, nevertheless, certain that such is its meaning. *There can be no exten-*

*sion of that which has already lapsed or ended."* (Emphasis added).

The ten-day limitation set forth in section 24–50–125(3), C.R.S. 1973 is mandatory. Filing of a petition for appeal with the Board or a request for an extension of time in which to file an appeal within the ten-day period is a condition precedent to further action.

The judgment of the court of appeals is reversed.

ROVIRA, J., does not participate.