Thomas R. SALAS, Appellant,

v.

The STATE PERSONNEL BOARD OF the STATE of COLORADO; and the Regents of the University of Colorado, Appellees.

No. 86CA0201.

Colorado Court of Appeals, Div. II.

Dec. 22, 1988.

As Modified on Denial of Rehearing March 9, 1989.

Certiorari Denied June 19, 1989.

Hornbein, MacDonald and Fattor, P.C., Philip Hornbein, Jr., Mark E. Brennan, Denver, for appellant.

Ted D. Ayres, Ben A. Rich, Kathleen Mills, Rosemary Augustine, Boulder, Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Beverly Fulton, Sp. Asst. Atty. Gen., Denver, for appellees, The Regents of the University of Colorado.

No appearance for The State Personnel Bd.

SMITH, Judge.

Thomas R. Salas appeals an order of the State Personnel Board (Board) which concluded that since Salas was not a member of the classified personnel system, he did not have the right to appeal his termination to the Board. We set aside that order.

Salas was discharged from his position as graphic artist at the University of Colorado at Denver (UCD). He appealed his termination to the Board 48 days after he was notified of his termination. Salas argued that there was no valid ground for his discharge and that he had been denied a pre-termination hearing. Initially, the Board declined to address Salas' appeal for lack of jurisdiction on the basis that it appeared he was an exempt employee. However, Salas applied to the district court and obtained an order mandating that the Board determine whether Salas was a classified employee or whether he was exempt, and if classified, to address the timeliness of his appeal.

The hearing officer appointed by the Board pursuant to that order approved the earlier dismissal for lack of jurisdiction. She did so based on her conclusions that: (1) the Director of the State Department of Personnel (Director) had determined on or about August 8, 1978, that Salas' position was exempt from the classified service; (2) Salas did not seek to appeal such decision until after he was notified that he had been terminated in 1982; (3) Salas was barred by the doctrines of laches from then asserting an appeal; and, thus, (4) since Salas was not a classified state employee, he had no right to appeal his termination to the Board.

In support of her determination, the hearing officer noted that she would not address the propriety of the Director's determination of Salas' exempt status. She further stated that, although during the evidentiary hearing the parties addressed in some detail the nature of Salas' duties, such testimony was considered by her to be merely background in nature. Instead, she concluded that, at the beginning of employment, an employee is presumed to be a member of the classified personnel system. Consequently, she placed the burden on UCD to prove by a preponderance of the evidence that the Director had determined Salas' position to be exempt, but she determined that UCD had met this burden.

Although she acknowledged that the statute granting authority to the Director to determine which administrative positions are exempt from the state personnel system, see § 24-50-135, C.R.S. (1988 Repl. Vol. 10B), does not set a time limit for appeals of the Director's determination, she concluded that the burden was on the employee to file a timely appeal of such decision. In the absence of such an appeal, the Director's decision was final. She further ruled that Salas was barred from contesting that determination by the doctrines of estoppel, waiver, and laches since he had been aware that UCD considered the position was exempt. The Board adopted the hearing officer's order as its own.

On appeal, Salas claims that the record as a whole lacks substantial evidence that his position had been determined to be exempt by the Director; that the record does not establish laches or waiver on his part; that a position may not be excluded from the state personnel system by claims of estoppel, waiver, or laches; that UCD was not prejudiced by his appeal; and that there were no evidentiary findings relative

to these issues. We agree with each of these contentions.

## I.

Colo. Const. art. XII, § 13(2) provides that: "The personnel system of the state shall comprise all appointive public officers and employees of the state, except ... faculty members of educational institutions and departments not reformatory or charitable in character, and such administrators thereof as may be exempt by law."

Section 24–50–135, C.R.S. (1988 Repl.Vol. 10B), the implementing legislation, provides:

"Administrators employed in educational institutions and departments not charitable or reformatory in character shall include the following, who shall be exempt from the state personnel system:

. . . .

(c) Heads of administrative units and their professional staff assistants who relate directly to the educational function of an educational institution and whose qualifications include training and experience comparable to that required for a faculty member;

. . . .

(2) The state personnel director, in consultation with the officers of such educational institutions or departments, shall determine which administrative positions, under the definitions enumerated above, are exempt from the state personnel system, *subject to an appeal to the board.*" (emphasis added)

■ When we read the constitutional mandate that, except for exemptions determined by law, state employees *shall* be members of the personnel system, in conjunction with the right to a statutory appeal of an exemption ruling, we conclude that it grants to a state employee, such as Salas, a protected property right, either to the benefits of the personnel system or to contest a determination that he is not a classified employee.

■ Property rights are created and their dimensions are defined, by rules or understandings that stem from sources such as state law that secure certain benefits and support claims of entitlement to those benefits. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed 2d 548 (1972). Once a protected interest is implicated, there is a right to notice and opportunity to be heard. *See Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Accordingly, here, once Salas became a state employee, he was presumed to be a member of the classified personnel system. And, before there could be any valid determination that he was exempt from that system, he was entitled to notice and an opportunity to be heard.

## II.

The process followed by the Director in determining which employee positions would be exempt from the state personnel system included a method in which the institution would send to the Director a list of positions it felt to be exempt, together with the reasons for such exemption. If there were any differences or disagreement, discussion would occur with the institution to ascertain whether the position fell within certain categories and, thus, met the exemption guidelines. The Guidelines for Exemption of Positions in Educational Institutions and Departments, published on April 1, 1977, were utilized by the offices of the Director to assist in these determinations. Notice of the ultimate decision of classification was provided both to the agency and to the individual whose position was involved.

Here, the hearing officer found that the Director, on June 2, 1978, sent a letter directed solely to UCD (then Community College of Denver) specifying which positions at that school were, in his opinion, exempt. This list did not specify the position which was created, and for which Salas was subsequently hired, on June 30, 1978. Although the letter specified a 10-day period for an appeal, UCD's personnel department did not reply to the Director's letter.

On August 8, 1978, UCD wrote to the Director and attached to its letter a correct-

ed list of positions that it considered to be exempt, including Salas' position. Despite the obvious discrepancy, the Director did not reply to UCD's letter and no further notice of any right to appeal was given either to UCD or to Salas. No documentary evidence existed in the Director's file to reflect the usual discussion surrounding a position as to which there was disagreement concerning its classification. The Director testified before the hearing officer that since he recalled some general discussion relating to the position, he must have concluded that Salas' position was indeed exempt, even if he had no specific recall of the details of such discussion.

■ The record before us is devoid of any evidence that the state personnel director ever determined that Salas' position was exempt pursuant to § 24-50-135, except for his conclusion that he must have reached such a determination. No response to UCD's request for exemption appears to have ever been issued or sent to either Salas or UCD, and there is no evidence that the records of the director contain any document reflecting that such determination was in fact made.

We hold, therefore, that the hearing officer's conclusion that there had been a determination of exemption, not being supported by substantial evidence, is erroneous. See § 24-4-106(7), C.R.S. (1988 Repl. Vol. 10A). There was, therefore, nothing from which Salas could appeal pursuant to the statute, and the doctrines of waiver, laches, or estoppel could not be invoked against him. Thus, under the constitutional mandate, Salas was a member of the personnel system of the state at the time of his termination.

■ Since his position had not been determined to be exempt, Salas was entitled to the procedural due process rights applicable to such classified employees. And, inasmuch as these rights, admittedly, were not afforded him, his termination was invalid, and he must be reinstated.

## III.

■ UCD argues that even if Salas was a classified employee, he failed to file a timely appeal of his termination. It cites *State Personnel Board v. Gigax*, 659 P.2d 693 (Colo.1983) as supporting the proposition that the 10-day limitation in § 24-50-125(3), C.R.S. (1988 Repl. Vol. 10B) is mandatory and a condition precedent to any further action by the employee. We reject this argument under the facts here.

Section 24-50-125(3), C.R.S. (1988 Repl. Vol. 10B) requires that a member of the state personnel system petition the board for a hearing upon dismissal within 10 days after receipt of notification of discharge as required by subsection (2), or within additional time as may be permitted by the board in unusual cases for good cause shown. Thus, if proper notice under the statute is given, and if good cause for a late filing is not shown, an appeal, filed 48 days after the notice of termination, as was the case with Salas, would be too late. *State Personnel Board v. Gigax, supra.* We conclude, however, that the preclusion of this rule is not applicable under the facts of this case.

Here, the notice of termination provided to Salas failed to notify him of his right to appeal his termination, as required by § 24-50-125(2), C.R.S. (1988 Repl. Vol. 8B). Quite to the contrary, the notice given Salas advised him only that "[a]dministrators and exempt professionals have no rights to appeal termination or non-renewal of appointment." Thus, since UCD failed to comply with the statute in giving Salas the proper notice of his appeal rights, Salas' appeal was not time-barred by § 24-50-125(3), C.R.S. (1988 Repl. Vol. 10B).

Because of our disposition here, we need not address any other alleged errors.

The order of the Board is set aside and the cause is remanded with directions that the Board order that Salas be reinstated with full back pay and benefits.

KELLY, C.J., and VAN CISE, J., concur.