**COLORADO BOARD OF MEDICAL EXAMINERS, Petitioner–Appellee,**

v.

**L.M. ROBERTSON, Jr., M.D., Respondent–Appellant.**

**No. 85CA0569.**

Colorado Court of Appeals, Div. II.

Sept. 17, 1987.

Rehearing Denied Oct. 29, 1987.

Certiorari Denied March 7, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Beverly Fulton Beckett, Asst. Atty. Gen., Denver, for petitioner-appellee.

Keller, Dunievitz, Johnson & Wahlberg, Alex Stephen Keller, Denver, for respondent-appellant.

SMITH, Judge.

Respondent, L.M. Robertson, Jr., appeals an order of the Colorado Board of Medical Examiners (board) which placed him on a two year probation subject to supervision and imposed requirements relative to surgery performed by him. Respondent argues: (1) that the board had no authority to review the hearing officer's initial decision, second; (2) that the board improperly refused to accept certain findings of the hearing officer; and (3) that the board acted improperly in imposing additional sanctions. We affirm.

Respondent was licensed to practice medicine in the state of Colorado on September 14, 1958, and practiced as a neurosurgeon until approximately August 9, 1982. During that time, respondent was formally charged by the board with many counts of substandard practice. On the latter date, the board and respondent signed an agreement whereby charges against respondent were dismissed and respondent agreed to certain terms of probation.

Under the terms of probation, respondent agreed, among other things, that, for the succeeding 36 months, his practice would be monitored once a month by a licensed physician mutually acceptable to respondent and the board. This physician was responsible to report to the board on a monthly basis regarding the practice of respondent. The monthly reports were to address the appropriateness of respondent's care of patients, including respondent's record keeping, to make specific recommendations regarding respondent's practice, and to address any substandard care or gross negligence of respondent. The monitoring and reports were the responsibility of respondent. He agreed not to practice medicine except in compliance with the terms of the stipulation and also agreed to summary suspension of his license in the event he violated its terms.

In June of 1984, respondent's medical license was summarily suspended by the board and a hearing was held before a state hearing officer on September 17 and 18, 1984. The hearing officer found that respondent had violated the 1982 stipulation by failing to insure that monthly reports were provided to the board. The board adopted the findings of the hearing officer that this violation had occurred; however, it imposed sanctions despite the recommendation of the hearing officer that no further discipline was necessary.

Specifically, the board ordered continuing supervision of respondent's practice for a period of twenty-four months by an approved physician, required monthly reports from this monitor, and required that any surgery performed by respondent during a period of three years be subject to the concurring opinion of another physician and be performed in the presence of a second surgeon. The board, in its order, also rejected two findings of fact, which did not relate to the violation, as unsupported by the evidence.

I.

Respondent first questions the authority of the board to review the decision of the hearing officer. He asserts that under § 12–36–118(5)(g)(II), C.R.S. (1985 Repl. Vol. 5), the recommendation of the hearing officer that no sanctions be imposed became the action of the board and, thus, could not be disregarded by it. We do not agree.

The circumstances of this particular case do not allow for application of the section referred to by respondent. Section 12–36–118(5)(g)(II), C.R.S. (1985 Repl. Vol. 5) provides for dismissal of the complaint only when "it is found that the charges are unfounded or unproven." Here, the hearing officer found that respondent had failed to cause monthly reports to be provided to the board and concluded that this was a violation of the 1982 stipulation.

Moreover, the hearing officer set forth in his order an advisement of the board review procedure authorized by the Administrative Procedure Act, § 24–4–105(14) and (15), C.R.S. (1982 Repl. Vol. 10). Pursuant to this Act, the initial decision of the hearing officer becomes an order only if no exceptions are filed by either party for a period of thirty days after service of the initial decision. Though the hearing officer

concluded that the violation by respondent was a technical one and recommended no further discipline, the attorney general's office, as counsel for the board, filed certain exceptions to the decision.

The section of the Colorado Medical Practice Act which addresses the relative authority of the hearing officer and the board is § 12–36–118(1), C.R.S. (1985 Repl. Vol. 5). That section provides:

"However, in its discretion, either inquiry panel of the board may elect to refer a case for formal hearing to a qualified hearing officer ... in lieu of a hearings panel of the board for his initial decision pursuant to the provisions of § 24–4–105, C.R.S. ... The initial decision of the hearing officer *may be reviewed* pursuant to § 24–4–105(14) and (15), C.R.S., by the filing of exceptions to the initial decision by the respondent or the board's counsel with the hearings panel which would have heard the case if it had not been referred to a hearing officer or by review upon the motion of such hearings panel." (emphasis added)

Thus, the initial decision of the hearing officer is expressly subject to board review pursuant to § 24–4–105, C.R.S. (1982 Repl. Vol. 10).

## II.

■ Respondent's contention that the board cannot adopt findings different from those of the hearing officer is likewise without merit. Section 24–4–105(15)(b), C.R.S. (1982 Repl.Vol. 10) provides that findings of evidentiary fact, as distinguished from ultimate conclusions of fact, made by the hearing officer may be set aside by the agency on review only if such findings are contrary to the weight of the evidence. Here, the board, in rejecting two of the evidentiary findings expressly concluded that they were contrary to the weight of the evidence, as argued by the Attorney General in his exceptions. Thus, the proper standard of review was applied, and the record supports the board's conclusions.

## III.

■ Respondent next argues that the additional sanctions imposed by the board are oppressive and are not justified under Colorado law. Respondent asserts that § 12–36–119(1)(a), C.R.S. (1985 Repl. Vol. 5) restricts the board's authority to increase previously imposed sanctions. We find no merit in this contention.

Section 12–36–119(1)(a), C.R.S. (1985 Repl. Vol. 5) is inapplicable to the facts in this case. It applies only to those situations in which an applicant has demonstrated *by his compliance* that a lessening of sanctions is warranted. Respondent's license was suspended because of his noncompliance with restrictions previously imposed on his practice.

■ Furthermore, § 24–4–105(15)(b), C.R.S. (1982 Repl. Vol. 10) provides that an agency, on review of the hearing officer's initial decision, may modify any sanction entered therein, in conformity with the facts and the law. Also the board may impose any sanction which is not arbitrary and capricious or a gross abuse of discretion. *Ramirez v. Civil Service Commission*, 42 Colo.App. 383, 594 P.2d 1067 (1979). A reviewing court may not substitute its judgment for that of the board as to what is a reasonable penalty. *Petersen v. Colorado Racing Commission*, 677 P.2d 412 (Colo.App.1983). Hence, since the sanctions here are not arbitrary or capricious, they may not be disturbed on appeal.

Accordingly, the order of the board of medical examiners is affirmed.

TURSI and BABCOCK, JJ., concur.