**WILLIAMS NATURAL GAS COMPANY, formerly Northwest Central Pipeline Corporation, Plaintiff–Appellee,**

v.

**MESA OPERATING LIMITED PARTNERSHIP, formerly Mesa Petroleum Co., Defendant–Appellant,**

**and**

**The Oil and Gas Conservation Commission of the State of Colorado, Defendant–Appellee.**

**NORTHWEST CENTRAL PIPELINE CORPORATION, n/k/a Williams Natural Gas Company, Plaintiff–Appellee,**

v.

**The OIL AND GAS CONSERVATION COMMISSION OF the STATE of Colorado, Defendant–Appellant,**

**and**

**Mesa Petroleum Corporation, Defendant–Appellant.**

**Nos. 87CA0101, 87CA0111.**

Colorado Court of Appeals, Div. II.

June 8, 1989.

Rehearing Denied July 6, 1989.

Shaw, Spangler & Roth, William Bruce Thompson, Denver, for plaintiff-appellee Williams Natural Gas Co. formerly Northwest Cent. Pipeline Corp.

Richard H. Bate, Denver, for defendant-appellant Mesa Operating Ltd. Partnership formerly Mesa Petroleum Co.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Adonis A. Neblett and Timothy J. Monahan, Asst. Attys. Gen., Denver, for defendant-appellee The Oil and Gas Conservation Com'n of the State of Colo.

METZGER, Judge.

Mesa Operating Limited Partnership (Mesa) and the Oil and Gas Conservation Commission (commission) appeal the trial court judgment reversing the commission's order which denied Williams Natural Gas Company (Williams) the opportunity to participate in a gas well spacing hearing conducted pursuant to the Oil and Gas Conservation Act, §§ 34–60–101, et seq., C.R.S. (1984 Repl.Vol. 14) (the Act). We affirm.

In 1979, the commission entered an order establishing well spacing for gas and associated liquid hydrocarbons produced from the Eckley field in Yuma County. Thereafter, Williams and Mesa entered into a "take or pay" contract, by which Williams agreed to purchase any and all gas Mesa could produce from that field. In 1983, Mesa applied to the commission for an order permitting the drilling of one additional well per spacing unit in the Eckley field. The commission set a hearing date and issued the requisite notices.

Williams filed a protest to Mesa's application, and sought to participate in the hearing to object to Mesa's request. In an offer of proof to the commission, Williams' attorney stated that he wished to cross-examine Mesa's witnesses concerning the validity of Mesa's assertions of increased production, and that Williams wished to call its own witnesses to aid the commission in its

understanding of the geologic issues. However, he also admitted that Williams would suffer financially if Mesa were allowed to drill its additional wells, since the market price had decreased since Mesa and Williams entered into their "take or pay" contract.

Mesa objected, arguing that, since Williams' interest was based on market demand, a factor the commission was specifically prohibited from considering under § 34-60-102, C.R.S. (1984 Repl.Vol. 14), Williams lacked standing to participate in the proceedings. On that basis alone, the commission denied Williams' request to participate, and Williams appealed the decision to the district court.

The court reversed the commission's decision, holding that Williams had a right to participate in the hearing by virtue of both the provisions of the Act and the due process clauses of the Colorado and United States Constitutions. It remanded the cause to the commission for a new hearing and instructed the commission to allow Williams to participate. Resulting appeals by Mesa and the commission have been consolidated by us.

Mesa and the commission contend that the trial court erred in determining that Williams possessed the requisite standing to participate in the hearing. They assert that, because Williams' underlying reason for seeking to participate was based on a prohibited factor, Williams lacked the necessary requisites for standing. Our analysis of the Act leads us to conclude that the trial court's ruling was correct.

 The right to participate in agency proceedings is governed by the agency's enabling legislation. *See Colorado State Board of Optometric Examiners v. Dixon,* 165 Colo. 488, 440 P.2d 287 (1968). A statute must be read and considered as a whole in order to ascertain the General Assembly's intent in passing it. *People v. District Court,* 713 P.2d 918 (Colo.1986). And, if the language of a statute is plain and its meaning is clear, it must be applied as written. *Heagney v. Schneider,* 677 P.2d 446 (Colo.App.1984).

 Every word of a statute must be given effect, to the extent possible, consistent with the intent and purposes of the General Assembly. *Johnston v. City Council,* 177 Colo. 223, 493 P.2d 651 (1972). Words and phrases must be construed according to their familiar and generally accepted meaning. Section 2-4-101, C.R.S. (1980 Repl.Vol. 1B). There is a presumption that the word "shall," when used in a statute, is mandatory. *Sperry Rand Corp. v. Board of County Commissioners,* 31 Colo.App. 444, 503 P.2d 356 (1972).

Section 34-60-108(2), C.R.S. (1984 Repl.Vol. 14) provides that no rule, regulation, or order, or amendment thereof, "shall be made by the commission without a hearing upon at least ten days' notice...." Section 34-60-108(4), C.R.S. (1984 Repl.Vol. 14) requires that the commission "shall cause" one publication of notice, at least ten days before the hearing, in a newspaper of general circulation in Denver and in a newspaper of general circulation in the county where the land affected, or some part thereof, is situated.

Thus, the commission is required to, and did in this case, publish notice not only in Yuma County but also in Denver. This requirement of publication in a Denver newspaper, concerning a hearing affecting property some distance away, evidences the General Assembly's recognition that the impact of the business of the commission extends far beyond the boundaries of the property involved.

The Act is similarly unambiguous in its provisions concerning the conduct of hearings. Section 34-60-108(2) mandates that "any interested person shall be entitled to be heard." Section 34-60-108(7), C.R.S. (1984 Repl.Vol. 14) provides that "all persons who have filed a timely protest shall be given full opportunity to be heard" at the hearing. Furthermore, the Act contains no requirement that a person seeking to participate must demonstrate an appropriate interest, motive, or economic connection as a prerequisite to being heard by the commission.

Finally, we note that § 34-60-108(7) provides: "Any person affected by any order of the commission shall have the right at any time to apply to the commission to repeal, amend, modify, or supplement the

same." This provision would have no meaning if requirements for participation in the initial hearing were as stringent as Mesa and the commission argue. It would be an absurd result if one were denied participation initially in a hearing but retained the right to apply for a modification of an order issued thereafter.

■ Consequently, we agree with the trial court's determination that the Act allowed Williams' participation in the hearing, and that the commission erred in denying Williams the opportunity to participate. *See In re Application of Bunger v. Uncompahgre Valley Water Users Ass'n,* 192 Colo. 159, 557 P.2d 389 (1976). The Act's provisions concerning participation contain, without exception, mandatory language. If we were to engraft a requirement of beneficent motive as a prerequisite to participation, we would be engaging in judicial legislation and would violate the carefully and consistently drafted statutory scheme enacted by the General Assembly.

■ We recognize the concerns expressed by the commission and Mesa that broad participation may foster delay and protraction of commission hearings. However, in our view, those arguments are misplaced. While we here hold that any person, as that term is defined in the Act, *see* § 34–60–103(8), C.R.S. (1984 Repl.Vol. 14), has a right to participate in a hearing before the commission, it does not follow that any person enjoys an unrestricted right to deluge the commission with irrelevant and repetitive material. For example, § 24–4–105, C.R.S. (1988 Repl.Vol. 10A) grants substantial discretion to the commission to control the scope and presentation of evidence at the hearing.

In light of this disposition, we conclude that the other assertions of error are without merit.

The judgment is affirmed.

KELLY, C.J., and MARQUEZ, J., concur.