Murray CORNELL, Appellant,

v.

STATE OF COLORADO BOARD OF PHARMACY, Appellee.

No. 89CA1687.

Colorado Court of Appeals,
Div. I.

Dec. 6, 1990.

Rehearing Denied Feb. 7, 1991.

Certiorari Denied July 29, 1991.

Jules Ornstein, Denver, for appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Linda L. Siderius, Asst. Atty. Gen., Denver, for appellee.

Opinion by Judge TURSI.

Murray Cornell appeals from the final order of the Colorado State Board of Phar-

macy (the Board) which suspended his license to practice pharmacy as a disciplinary sanction pursuant to § 12–22–125, C.R.S. (1985 Repl.Vol. 5). The sole issue on appeal is whether the Board's review and modification of the initial decision of the Administrative Law Judge (ALJ) was timely conducted. We conclude that the Board's review was timely and, therefore, affirm the Board's order.

Section 24–4–105(14), C.R.S. (1988 Repl. Vol. 10A), as relevant here, provides: "In the absence of an appeal to the agency by filing exceptions within thirty days after service of the initial decision of the administrative law judge or hearing officer upon the parties, unless extended by the agency, or a review upon motion of the agency within thirty days after service of the initial decision of the administrative law judge or the hearing officer, every such initial decision shall thereupon become the decision of the agency."

Here, the ALJ's initial decision, which ordered that Cornell be placed on probation for an initial period of six months as a disciplinary sanction subject to extension for an additional six months, was served on Cornell and the Board's prosecuting attorney on May 31, 1989. No exceptions to the ALJ's initial decision were filed by either Cornell or the Board's prosecuting attorney.

The ALJ's decision was on the Board's agenda at its meeting on June 9, 1989. When the decision was called for consideration, the Board "moved to defer consideration [of the initial decision] until the August meeting and [to] inform Mr. Cornell's attorney."

At that meeting, the Board reviewed the initial decision, and its "final agency order" was issued on August 23, 1989. In this order, the Board modified the disciplinary sanction imposed by the ALJ and ordered instead that Cornell's license be suspended for six months and that he successfully pass the Board's jurisprudence examination before applying for reinstatement. Further, the Board ordered that reinstatement include a probationary period of two years.

Cornell contends that the Board failed to review the ALJ's initial decision in a timely manner and, as a result, he argues that the ALJ's ruling is the Board's final decision pursuant to § 24–4–105(14). We disagree.

The language of § 24–4–105(14) constitutes a mechanism by which an appeal of an initial decision may be taken. It first provides that the parties may file exceptions to the initial decision within 30 days, subject to a discretionary extension of time by the Board. Alternatively, the Board is permitted thirty days within which to move that it review the initial decision. Hence, the critical question before us is whether, once the Board timely moves to review the initial decision at a later date, is it precluded from doing so outside of the thirty-day time period.

In *Shaball v. State Compensation Insurance Authority*, 799 P.2d 399 (Colo. App.1990), we held that a provision requiring a decision of an administrative agency to be entered or filed within a definite time is generally considered directory, rendering "seemingly absolute time periods" for administrative action as guides for the conduct of business with dispatch and for orderly procedure. And, we noted that the failure to follow time limits contained in directory statutes does not terminate the authority or jurisdiction of the administrative agency to decide the issue.

Thus, under the circumstances here in which the Board addressed the ALJ's initial decision within 30 days after service and then moved to continue the matter for final review, we hold that the Board did not lose jurisdiction over the subject matter. That is, we construe § 24–4–105(14) as being directory. *See People in Interest of Lynch*, 783 P.2d 848 (Colo.1989); *Turman v. Buckallew*, 784 P.2d 774 (Colo.1989); *People v. Clark*, 654 P.2d 847 (Colo.1982). In other words, we conclude that the General Assembly did not intend the language of § 24–4–105(14) to limit the jurisdiction of an agency to review an initial decision outside of the thirty-day period, provided the agency's motion to review the decision is timely made.

Our conclusion is buttressed by the General Assembly's decision not to limit the Board's review in any manner which, we believe, illustrates its intention not to deprive the Board of jurisdiction to consider an initial decision beyond the thirty-day period. *See Mitchell v. Klapper*, 626 P.2d 1163 (Colo.App.1980); *Dixon v. State Board of Optometric Examiners*, 39 Colo. App. 200, 565 P.2d 960 (1977) (notice of agency review of an initial decision is not required).

Here, the Board timely moved to review the decision under the provisions of § 24–4–105(14). We hold, therefore, that its subsequent consideration of the initial decision in its August meeting and issuance of its final agency order shortly thereafter is valid.

The order is affirmed.

PIERCE and PLANK, JJ., concur.