WESTERN COLORADO CONGRESS,
Plaintiff–Appellant,

v.

COLORADO DEPARTMENT OF HEALTH; Umetco Minerals Corporation; Town of Naturita; West End Business Council; and Public Service Company of Colorado, Defendants–Appellees.

No. 91CA0684.

Colorado Court of Appeals,
Div. III.

Sept. 24, 1992.

Rehearing Denied Dec. 10, 1992.

Don & Hiller, P.C., David L. Hiller, Denver, for plaintiff-appellant.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Jerry W. Goad, First Asst. Atty. Gen., Denver, for defendant-appellee Colo. Dept. of Health.

Holme Roberts & Owen, Henry W. Ipsen, Karen E. Robertson, Denver, for defendant-appellee Umetco Minerals Corp.

No appearance for defendants-appellees Town of Naturita, West End Business Council and Public Service Co. of Colo.

Opinion by Judge MARQUEZ.

Plaintiff, Western Colorado Congress (WCC), appeals the trial court's judgment upholding a decision by the defendant, the Colorado Department of Health (the Department), to issue a radioactive materials license to defendant, Umetco Minerals Corporation (Umetco), for the construction and operation of a low-level radioactive waste disposal facility on property known as the "East Bench Site" near Uravan, Colorado. We reverse and remand for further proceedings.

After some preliminary communications with the Department, Umetco filed its application for a radioactive materials license for the East Bench Site project on May 31, 1988.

By inter-office memorandum dated September 19, 1988, the Department's director appointed an employee of the department as hearing officer, stating: "As the Department Hearing Officer, your decision in this matter becomes the final action of the Department subject only to judicial review." This memorandum was not distributed to the parties to the hearing, and, while all parties and applicants for party status were notified of the appointment by an order dated September 19, 1988, the order did not set forth the purported delegation of final decision-making authority.

The record contains no information as to the process by which the hearing officer was selected. The record is equally devoid of any indication that the parties were ever informed of the delegation of final decision-making authority to the hearing officer. A memorandum dated September 21, 1988, containing the results of a pre-hearing conference includes no reference to such delegation of authority.

A three-day adjudicatory hearing on the application was held in November 1988. At the commencement of the hearing, the hearing officer identified himself as assistant director of the Office of Health and Environmental Protection of the Department of Health, but he did not mention that he had been delegated final authority. On January 3, 1989, the hearing officer issued his "Findings of Facts, Conclusions of Law, and Resulting Order of the Hearing Officer" in which he concluded that the license could be issued subject to certain conditions, but, again, he did not mention any delegation of final authority. Neither Umetco nor the Department contends that such notice ever was given.

On or prior to February 2, 1989, WCC attempted to appeal the decision of the hearing officer to the Department. On February 10, 1989, the Department issued a license to Umetco, stating in its cover letter that it considered such issuance final agency action. In a letter dated March 2, 1989, the attorney general asserted that the decision of the hearing officer was binding, and no further agency action would occur. On March 13, 1989, WCC renewed its request for agency review of the hearing officer's decision, but that request was denied.

WCC then sought judicial review. In a judgment dated March 13, 1991, the district court affirmed the Department's actions without discussion.

WCC contends that the Department improperly denied its right to agency review of the hearing officer's order, pursuant to the Administrative Procedure Act, § 24–4–101, et seq., C.R.S. (1988 Repl.Vol. 10A) (the APA) and that, thus, the hearing officer's order never became the decision of the agency. We agree.

Defendants contend that the delegation by the director of the Department to the hearing officer was proper and authorized by the Department's own regulations. Pursuant to that delegation, they assert, the hearing officer's decision was that of the agency and was, hence, final. They contend that the question is one of due process and that WCC cannot show inadequate due process in this case.

WCC, on the other hand, asserts that under the APA the hearing officer's decision is an initial decision. WCC claims that it did not waive its right to appeal such an

initial decision and did not receive agency review of the hearing officer's decision. Because the Department refused to consider its appeal, WCC asserts that there was no final agency action on the hearing, and in the absence of such final agency action, no license could be issued. We conclude that WCC is entitled to review by the agency.

A court must set aside an agency action that is a denial of a statutory right. Section 24–4–106(7), C.R.S. (1988 Repl.Vol. 10A).

██ Section 24–4–105(3), C.R.S. (1988 Repl.Vol. 10A) provides:

At a hearing only one of the following may preside: The agency, an administrative law judge from the division of administrative hearings, or, if otherwise authorized by law, a hearing officer who if authorized by the law may be a member of the body which comprises the agency....

The agency is bound to comply with this requirement. *See Maul v. State Board of Dental Examiners,* 668 P.2d 933 (Colo. 1983).

Section 24–4–105(14), C.R.S. (1988 Repl. Vol. 10A) states in pertinent part:

In any case in which the agency has conducted the hearing, the agency shall prepare, file, and serve upon each party its decision. In any case in which an administrative law judge or a hearing officer has conducted the hearing, the administrative law judge or the hearing officer *shall* prepare and file an *initial* decision which the agency shall serve upon each party, except where all parties with the consent of the agency have expressly waived their right to have an initial decision rendered by such administrative law judge or hearing officer. Each decision and initial decision shall include a statement of findings and conclusions upon all the material issues of fact, law, or discretion presented by the record and the appropriate order, sanction, relief, or denial thereof.... In the absence of an appeal to the agency by filing exceptions within thirty days after service of the initial decision of the ad-

ministrative law judge or hearing officer upon the parties ... every such initial decision shall thereupon become the decision of the agency.... (emphasis added)

Section 24–4–105(15)(a), C.R.S. (1988 Repl.Vol. 10A) provides in part:

Any party who seeks to reverse or modify the initial decision of the administrative law judge or the hearing officer shall promptly file with the agency....

██ There is a presumption that the word "shall," when used in a statute, is mandatory. *Williams Natural Gas Co. v. Mesa Operating Limited Partnership,* 778 P.2d 309 (Colo.App.1989).

██ Under the plain wording of these provisions, any decision made by a hearing officer or administrative law judge is an initial decision, which becomes final only if no exceptions or agency motion are submitted within the allotted time. This gives the agency the opportunity to correct any alleged errors without the necessity of judicial review. *North Washington Street Water & Sanitation District v. Emerson,* 626 P.2d 1152 (Colo.App.1980). Also, although, under § 24–4–105(14), the rendering of an initial decision of the hearing officer may be expressly waived, defendants do not contend that this occurred here.

██ According to the Department, through a combination of its own internal memorandum and a department regulation, it could eliminate the 30–day exception period and vest final authority in the hearing officer. We reject this argument for two reasons:

First, the cited regulation, 6 Code Colo. Reg. 1007–1, § 3.9.9.7.2(12–85) (now 6 Code Colo.Reg. 1007–1, § 18.6.7.2(12–90)) states in its entirety:

After due consideration of the hearing record, the Department or hearing officer shall issue its findings of fact, conclusions of law, and decision and order.

While an agency's interpretation of its own regulations is entitled to deference, *Van Pelt v. State Board for Community Colleges & Occupational Education,* 195

Colo. 316, 577 P.2d 765 (1978), this regulation does not expressly authorize the delegation of final decision-making authority from the Department to the hearing officer.

Second, to the extent the regulation does "expressly authorize" such a delegation, as contended by the Department of Health, such a delegation is contrary to the language of § 24–4–105(14), which, absent express waiver by the parties, *requires* an initial decision. *See State Personnel Board v. District Court,* 637 P.2d 333 (Colo.1981).

 An administrative agency regulation must further the will of the General Assembly and may not modify or contravene an existing statute. Any regulation which is inconsistent with or contrary to a statute is void and of no effect. *Miller International, Inc. v. State,* 646 P.2d 341 (Colo.1982). Thus, to the extent that the cited regulation unilaterally delegates final decision-making authority to the hearing officer it is void.

▪ Here, the record reflects that WCC properly appealed to the agency within 30 days and, thus, is entitled to a review by the agency. Consequently, when the Department issued a license to Umetco on February 10, 1989, it did so without authority, in violation of state law, and that license is therefore void.

The Department of Health's reliance on the due process considerations of *Mountain States Telephone & Telegraph Co. v. Department of Labor & Employment,* 184 Colo. 334, 520 P.2d 586 (1974) is not justified. There, the question was a reading of the statute which failed to comport with *minimum* due process standards. But, if the statute in question imposes additional procedural requirements, the agency must abide by those requirements. *See Department of Health v. Donahue,* 690 P.2d 243 (Colo.1984). Here, the question is one of compliance with the procedural requirements of the APA, one of which was that the parties to the hearing were *entitled* to agency review of the hearing officer's initial decision.

In sum, we hold that the decision and order of a hearing officer or administrative law judge is an initial decision. That decision does not become the decision of the agency until expiration of the 30–day period within which the parties may appeal to the agency by filing exceptions to the initial decision. Accordingly, the judgment affirming the Department's actions cannot stand.

The judgment is reversed, and the cause is remanded to the district court with instructions to remand to the Department for review pursuant to § 24–4–105(14), (15), and (16), C.R.S. (1988 Repl.Vol. 10A).

METZGER and REED, JJ., concur.