**In re the Marriage of Annette L. WILLIAMS–OFF, Appellant,**

**and**

**Ted A. Off, Appellee.**

**No. 92CA1750.**

Colorado Court of Appeals, Div. III.

Dec. 30, 1993.

Valjean H. McCurdy, Arvada, for appellant.

Law Offices of Debi Cisneros, P.C., Debi Cisneros, Denver, for appellee.

Opinion by Judge METZGER.

Annette L. Williams–Off (mother) appeals the trial court's orders concerning a visitation dispute and awarding attorney fees to Ted A. Off (father). We reverse and remand for further proceedings.

The parties' marriage was dissolved in 1990. After a hearing on custody, the mother was awarded custody of their son, and the court entered an extensive and detailed order regarding the father's visitation.

Shortly thereafter, the father moved for a supplemental visitation order because "[n]o provisions were provided for [his] Colorado Army National Guard weekends." Accordingly, the court entered the following order:

> When the Respondent's visitation with the minor child conflicts with his Colorado Army National Guard weekend duty, the visitation for said weekend shall not occur and in lieu thereof, Respondent shall have visitation on the Monday immediately following the Colorado Army National Guard weekend and regular weekend visitation on the next weekend following the Colorado Army National Guard duty. Regular weekend visitation shall alternate thereafter with the alternating weekend visitation as heretofore provided in the permanent orders. Respondent shall provide to the Petitioner a schedule of his Colorado Army National Guard weekend training, so that she will be able to determine what weekends the training conflicts with regular visitation and can make her plans accordingly.

The court also ordered the parties to submit to mediation of their "points of contention."

The following year, the father again filed a motion for modification of the visitation order, asserting that his schedule had changed to such an extent "that his visitation times with the minor child are now substantially ineffective." He also alleged that the mother had cancelled numerous visitations, had refused to allow any make-up visitation, and had indicated an unwillingness to participate in court-ordered mediation.

The mother countered with her motion to modify visitation, stating that she had not been advised of any changes in the father's schedule, that the father had been exercising all of his visitation, and that the parties had finally reached agreement on one make-up visitation. As to mediation, she stated that she had attended mediation as ordered, but that the mediation was terminated by the mediator. Mother also proposed a detailed visitation schedule.

In a reply, the father submitted a visitation schedule of his own. This was followed later by the filing of father's Amended Verified Motion for Modification of Visitation accompanied by a detailed visitation proposal.

After a hearing in December 1991, the trial court ordered:

> Mr. Off gives Mrs. Off his guard schedule a year in advance so she can plan which weekends are going to be his, which weekends are going to be hers. If his guard schedule changes, he loses his visitation because of the guard schedule change, period.

In July 1992, the mother filed a Verified Motion for Resolution of a Visitation Dispute which had arisen June 27 and 28, 1992. The motion stated that, according to father's National Guard schedule, he was to be on duty and, therefore, mother had planned to keep their son. However, unbeknownst to mother, father had opted to deviate from his National Guard schedule and insisted that he have visitation. The motion further asserted that a similar situation would occur later in July 1992, when mother planned to take the child to her family reunion during a National Guard duty weekend. Mother requested a

hearing or referral to mediation, as well as imposition of sanctions, including attorney fees and costs.

Father filed a similar motion essentially admitting that he had deviated from the National Guard schedule, but accusing mother of violating the court's order by obtaining, independently, a copy of the training schedule from the National Guard. He accused the mother of manipulating the visitation schedule by her election to adhere to the National Guard's schedule instead of his schedule. He sought a finding that mother was in contempt and requested attorney fees, costs, and expenses.

Mother's response admitted that her attorney had obtained a schedule directly from the National Guard. It noted that, contrary to the trial court's order, father's visitation schedule had not been accompanied by a National Guard schedule because father's attorney had advised mother's attorney that "such a schedule does not exist."

It also noted that father had been scheduled for National Guard duty the weekend of June 27 and 28, 1992, but "since he had remarried he wanted the child anyway."

The response sought attorney fees and asked that the court reaffirm its previous orders requiring father to adhere to the National Guard schedule and not take visitation on those training weekends. It noted that further visitation disputes were likely to arise if father continued unilaterally to deviate from this training schedule.

The trial court, without conducting a hearing, denied mother's motion, granted father's motion, and awarded attorney fees to him, subject to mother's filing objections to and setting of a hearing on reasonableness. This appeal followed.

Mother contends that the trial court erred in granting the father's motion concerning the visitation dispute without holding a hearing or referring the matter to mediation. We agree.

According to § 14–10–129.5, C.R.S. (1987 Repl.Vol. 6B), upon a verified motion by either parent alleging that a parent is not complying with a visitation order or schedule, the court "shall" determine from the verified motion and response, if any, whether there has been or is likely to be a substantial and continuing noncompliance with the visitation order or schedule. The court "shall" then deny the motion if there is an inadequate allegation, set the matter for hearing, or require mediation. Cf. § 14–10–129.5, C.R.S. (1987 Repl.Vol. 6B) (identical in substance, but "visitation" not "parenting time").

Here, based on the parties' verified motions, the question to be resolved was whether the 1992 visitation schedule submitted by father complied with the existing orders of court. Inasmuch as it appears that father did not submit his official National Guard schedule to mother, as the court had ordered, but rather, gave her a visitation schedule which stated it "took into account" father's National Guard schedule, there were material facts in dispute.

This discrepancy was important because the transcripts from previous hearings on this issue evidence an understanding by both mother and the trial court that father's Guard schedule would be the linchpin upon which all weekend visitation was based. However, the schedule submitted by father showed that he had unilaterally deviated from his National Guard schedule in compiling the visitation schedule he submitted to mother. This, on its face, appeared to violate the spirit, if not the letter, of the court's previous orders.

■ If the language of a statute is plain and its meaning clear it must be applied as written. *Heagney v. Schneider,* 677 P.2d 446 (Colo.App.1984). There is a presumption that the word "shall," when used in a statute, is mandatory. *Williams Natural Gas Co. v. Mesa Operating Limited Partnership,* 778 P.2d 309 (Colo.App.1989).

■ Section 14–10–129.5 is clear on its face. When confronted with a motion to clarify visitation (parenting time), a trial court has only three options: deny the motion, conduct a hearing, or refer the matter to mediation.

The trial court here did none of these things as to the cross-motions: it granted one and denied the other. And, given the

facts and history of this case, because the motions indicated a dispute about a material and pivotal issue, the trial court's order was in excess of the authority granted by statute. As such, it cannot stand.

Mother also asserts that the trial court erred in failing to conduct a hearing regarding attorney fees. The order concerning fees rested on the erroneous interpretation of § 14–10–129.5. Therefore, this issue must be reconsidered.

Accordingly, the orders denying mother's motion, granting father's motion, and awarding him attorney fees are reversed, and the cause is remanded to the trial court for further proceedings pursuant to § 14–10–129.5, C.R.S. (1987 Repl.Vol. 6B).

PLANK and HUME, JJ., concur.