In the Matter of the Application of WINTERHAWK OUTFITTERS, INC., and Larry L. Amos, Respondents–Appellants,

v.

OFFICE OF OUTFITTERS REGISTRATION, State of Colorado, Complainant–Appellee.

No. 01CA0652.

Colorado Court of Appeals, Div. III.

Feb. 14, 2002.

Hassler Law Firm, P.C., Alan N. Hassler, Grand Junction, Colorado, for Respondents–Appellants.

Ken Salazar, Attorney General, P. Mark Held, Assistant Attorney General, Denver, Colorado, for Complainant–Appellee.

Opinion by Judge ROTHENBERG.

Respondents, Winterhawk Outfitters, Inc., and Larry L. Amos (Winterhawk), appeal the final agency order of the Office of Outfitters Registration (the Agency), issued on its behalf by the Director of the Division of Registrations (the Director), imposing a two-year suspension of Winterhawk's outfitter registration. We vacate the order and remand with directions to reinstate the order of the Administrative Law Judge (ALJ).

I.

Winterhawk contracted with a client to provide hunting guide services. Following a complaint by the client, the Agency conducted an investigation and filed disciplinary charges against Winterhawk.

In October 2000, a hearing was held before an ALJ pursuant to § 24–4–105(3), C.R.S. 2001. On January 18, 2001, the ALJ issued an initial decision containing findings of fact and conclusions of law and recommending sanctions against Winterhawk that included six years of probation, a fine, and costs.

On January 26, 2001, the program administrator for the Agency mailed Winterhawk a copy of the ALJ's initial decision. Winterhawk's letter reflected that a copy was also sent to the assistant attorney general who was the Agency's counsel. The January 26 letter advised Winterhawk it had thirty days to file written exceptions to the initial decision. The letter further stated: "You and the Director may decide not to appeal or to review the Initial Decision of the [ALJ], in which case such Initial Decision shall become the decision of the Division Director."

Attached to the January 26 letter was a document (the addendum) stating in block letters: "THIS IS TO ADVISE YOU OF THE PROCEDURES USED BY THE OFFICE OF OUTFITTERS REGISTRATION *WHEN CONSIDERING EXCEPTIONS* TO THE INITIAL DECISION OF THE [ALJ]" (emphasis added).

The addendum also stated that "[e]xceptions must be filed by the Assistant Attorney General or the Respondent within thirty days" and that "[Winterhawk's] attorney and the [Agency's] attorney will be informed of the Director's decision after he considers the [ALJ's] findings of fact, conclusions of law and recommendations, as well as any Exceptions."

On February 5, 2001, counsel for the Agency filed a "Designation of Record," which stated, as relevant here, that "the undersigned counsel hereby designates ... the following pleadings, exhibits and other documents *in conjunction with the exceptions to be taken* to the Initial Decision of the [ALJ]" (emphasis added).

On February 28, 2001, the Agency filed "Petitioner's Exceptions to Initial Decision." It is undisputed that those exceptions were untimely filed.

The Director reviewed the initial decision on behalf of the Agency and on March 12, 2001, issued a document entitled "Final Agency Order" (final order). The final order recited that "[s]ection 24–4–105(15)(b), C.R.S., allows the Director to set aside findings of evidentiary fact made by the Administrative Law Judge if such findings are contrary to the weight of the evidence" and modified the sanctions recommended by the ALJ by adding a two-year suspension of Winterhawk's outfitter registration and reducing the probationary period from six to four years. Winterhawk appeals from the final order.

## II.

Winterhawk contends the Director lacked authority to issue the final order on March 12, 2001, and therefore, the ALJ's order must be reinstated. More specifically, Winterhawk contends that because no exceptions were timely filed by the Agency and because review was not initiated upon motion of the Agency within thirty days of service of the ALJ's initial decision, as required by § 24–4–105(14)(a)(II), C.R.S.2001, the ALJ's initial decision became the Agency's final order as a matter of law pursuant to § 24–4–105(14)(b)(III), C.R.S.2001. We agree.

The State Administrative Procedure Act (APA), § 24–4–101, et seq., C.R.S.2001, governs the conduct of certain governmental entities, including the Agency. Section 24–4–105(14)(a)(II) provides for review "[w]ith regard to initial decisions regarding agency action ... by filing exceptions within thirty days after service of the initial decision upon the parties, unless extended by the agency or *unless review has been initiated upon motion of the agency within thirty days after service of the initial decision*" (emphasis added).

As relevant here, § 24–4–105(14)(b)(III) provides that "[i]n the absence of an exception filed pursuant to [§ 24–4–105(14)(a)(II) ], the initial decision of [the ALJ] shall become the decision of the agency." *See Cornell v. State Board of Pharmacy*, 813 P.2d 771 (Colo.App.1990); *Colorado Board of Medical Examiners v. Robertson*, 751 P.2d 648, 649 (Colo.App.1987)(the initial decision of the hearing officer becomes an order "if no exceptions are filed by either party for a period of thirty days after service of the initial decision").

■ There is a presumption that the word "shall," when used in a statute, is mandatory. *See In re Marriage of Williams–Off,* 867 P.2d 205 (Colo.App.1993).

In *Western Colorado Congress v. Colorado Dep't of Health,* 844 P.2d 1264, 1266 (Colo.App.1992), a panel of this court found no ambiguity in these provisions, stating:

Under the plain wording of [§§ 24–2–105(14) and (15)(a) ], any decision made by a hearing officer or [ALJ] is an initial decision, which becomes final only if no exceptions or agency motion are submitted within the allotted time. This gives the agency the opportunity to correct any alleged errors without the necessity of judicial review.

### A. No Exceptions Filed

Neither Winterhawk nor counsel for the Agency filed exceptions within thirty days of service of the ALJ's initial decision, and in the final agency order, the Director so found. The Director stated:

[e]xceptions were filed by disciplinary counsel ... with the Office [of the Director] on February 28, 2001, [and] therefore *do not comply with the requirements set by the State Administrative Procedure Act ... for timely filing.* These exceptions have not been considered in the Director's decision. Further, it should be noted that no Exceptions were filed by [Winterhawk]. (emphasis added)

Accordingly, it is undisputed that, under § 24–4–105(14)(b)(III), the ALJ's initial decision became the decision of the Agency as a matter of law unless the record reflects that within thirty days of service of the initial decision, review was "initiated upon motion of the agency."

### B. Review Not Initiated upon Motion of the Agency

■ A "motion" is defined as "a written or oral application requesting a court to make a specified ruling or order." *Black's Law Dictionary* 1031 (7th ed.1999). *See Ballantine's Law Dictionary* 818 (3d ed.1969)(defining a "motion" as "[a]n application, normally incidental to an action, made to a court or judge for the purpose of obtaining an order or rule directing something to be done in favor of the applicant"); *see also In re the Marriage of Plank,* 881 P.2d 486, 487 (Colo.App.1994)(a motion is characterized "as an 'application' to the court for an order").

While the APA does not define a motion, we may look to the Colorado Rules of Civil Procedure for guidance. *See Weiss v. Dep't of Public Safety,* 847 P.2d 197 (Colo.App. 1992). The term "motion" is also not specifi-

cally defined in the rules of civil procedure, but it is distinguished from a "pleading" by C.R.C.P. 7(a) (pleadings include the complaint, answer, and reply). C.R.C.P. 7(b) also refers to "Motions and Other Papers" and provides:

> (1) An application to the court for an order shall be made by *motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought.* The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.
>
> (2) These rules applicable to captions, signing and other matters of form of pleadings apply to all motions and other papers provided for by these rules. (emphasis added)

*See* Charles Alan Wright, *Law of Federal Courts* § 66 (2d ed.1970)("All motions, except those made during a hearing or trial, must be made in writing.").

Here, the Agency nowhere suggests that it filed any document designated as a "motion" or made any other written application requesting that the ALJ's decision be modified. *See Doyle v. Union Insurance Co.*, 209 Neb. 385, 394, 308 N.W.2d 322, 326 (1981)(the word "application" is a generic term that includes, but is not limited to "motions").

The Agency's sole argument regarding this issue is that the Director himself, as the final decisionmaker for the Agency, "initiated" review "on his own motion." The Agency asserts that:

> [The Director] made it clear to the parties at the time the Initial Decision was served that he would be reviewing the Initial Decision regardless of whether the parties submitted exceptions. By doing so, [the Director] complied with the requirement that an agency may take up review of an initial decision on its own motion within the thirty-day period....

In support of its argument that the Director initiated review of the ALJ's initial decision "on his own motion," the Agency relies on the letter and addendum sent to Winterhawk on January 26, 2001. We are not persuaded.

The January 26 letter did not advise Winterhawk the Director intended to review the ALJ's initial order. Instead, the letter informed the parties that the Director may decide *not to appeal or to review* the ALJ's decision, and explained the statutorily mandated consequence if there were no appeal or review, namely, that the ALJ's initial decision shall become final.

We also reject the Agency's contention that the Director acted "on his own motion" because the addendum stated Winterhawk would "be informed of the Director's decision after he considers the [ALJ's] findings of fact, conclusions of law and recommendations, as well as any Exceptions." While this language, read in isolation, suggests the Director would be reviewing the ALJ's decision, the addendum by its own terms was inapplicable to the circumstances here.

The addendum stated in block letters that it was "to advise [the parties] of the procedures" used by the Agency "when considering exceptions to the initial decision of the [ALJ]." But, exceptions were never considered here. Winterhawk never filed them, and the Director stated in the final order the Agency's exceptions had *not* been considered because they were untimely.

Accordingly, we reject the Agency's argument that the addendum, read alone or together with the January 26 letter, was tantamount to the initiation of review of the initial order by the Director "on his own motion."

■ We note in passing that the Agency correctly does not assert that the Designation of Record constituted a motion by the Director. In that document, which was prepared by counsel for the Agency and not by the Director, the only mention of "exceptions" was in the future tense. The Agency designated the documents "in conjunction with the exceptions to be taken." The Designation of the Record does not state that review had been initiated, or even that review by the Agency was contemplated.

Numerous statutes refer to the filing of a "motion" or contemplate action by an agency on its own motion. In our view, the Agency's

overly broad construction of the statute and its dilution of the term "motion" would have a far-reaching and undesirable impact on administrative procedure in that it would create doubt where there has been reasonable certainty under the APA. *See* § 24–4–104(5), C.R.S.2001 ("proceeding ... shall be commenced by agency upon its own motion"); § 24–4–105, C.R.S.2001 (using the term "motion" twelve times); § 24–4–106, C.R.S.2001 (using the term "motion" nine times); *cf.* § 24–34–307(10), C.R.S.2001 (Colorado Civil Rights "commission or court upon motion may grant a stay"); § 24–35–505, C.R.S.2001 (permitting liquor enforcement division within the department of revenue to impose penalties "on its own motion or on a complaint from another governmental entity"). Adopting the Agency's construction might also affect other statutes that use the term "motion." *See* §§ 8–3–110, 10–1–111, 10–1–126, 12–8–131, 12–14–130, 12–25–109, 12–38–116.5, 12–40–119, 12–41–117, 22–63–302, C.R.S.2001.

■ While the term "motion" in the administrative procedure context may not imply many formal requirements, at a minimum it must convey a clear statement of the Agency's intent to seek review. We conclude the documents relied upon by the Agency here do not meet this minimum requirement and therefore did not constitute a "motion of the agency" that initiated review for the purposes of § 24–4–105(14)(a)(II).

Contrary to the Agency's contention, we further conclude *Cornell v. State Board of Pharmacy, supra,* does not require or even suggest a different result. In *Cornell,* disciplinary proceedings were brought against a pharmacist, and after a hearing, the ALJ issued an initial decision ordering that the pharmacist be placed on probation. No exceptions to the ALJ's decision were filed. However, ten days later, the Colorado State Board of Pharmacy met. The ALJ's decision had been placed on the agenda, and at that time the Board *"moved to defer consideration* [of the initial decision] until the August meeting and [to] inform [the pharmacist's] attorney." *Cornell v. State Board of Pharmacy, supra,* 813 P.2d at 772 (emphasis added). At the August meeting, the Board reviewed the initial decision and issued its final

agency order modifying the sanction imposed by the ALJ.

On appeal, the pharmacist contended the Board had failed timely to review the ALJ's decision, and therefore the ALJ's ruling became the Board's final decision under § 24–4–105(14). A panel of this court properly rejected that contention because, under the statute, the Board was permitted thirty days within which to move that it review the initial decision, and the Board had addressed the ALJ's initial decision within those thirty days and had moved to continue the matter for final review.

The panel framed the dispositive issue as "whether, once the Board timely moves to review the initial decision at a later date, is it precluded from doing so outside of the thirty-day time period." *Cornell v. State Board of Pharmacy, supra,* 813 P.2d at 772. The panel in *Cornell* concluded that where the Board had addressed the ALJ's initial decision within thirty days after service and then moved to continue the matter for final review, "the Board did not lose jurisdiction over the subject matter." *Cornell v. State Board of Pharmacy, supra,* 813 P.2d at 772.

Unlike the agency in *Cornell,* the Agency here did not timely file a motion for review of the initial decision, and we conclude the Director did not initiate review on his own motion within the time permitted by the statute. Rather, the Director reviewed the ALJ's decision and then modified it on March 12, 2001, which was outside the thirty days allowed. Nothing in *Cornell* suggests that the requirement of a motion could be dispensed with or that the Agency's January 26 letter and addendum could be construed as the Director's own motion to review the ALJ's decision.

In summary, § 24–4–105(14)(a)(II) contemplates that review of the ALJ's initial order be initiated by the filing of exceptions or upon the "motion of the agency" within the requisite time. Because exceptions were not timely filed by the Agency and because review was not initiated upon motion of the Agency within thirty days of service of the ALJ's initial decision, the ALJ's initial decision became the Agency's final order as a matter of law pursuant to § 24–4–

105(14)(b)(III). *See Western Colorado Congress v. Colorado Dep't of Health, supra; Cornell v. State Board of Pharmacy, supra; Colorado Board of Medical Examiners v. Robertson, supra.* Accordingly, we conclude the Director lacked authority to modify the ALJ's order.

In view of our conclusions, we need not address Winterhawk's remaining contentions.

The order is vacated, and the case is remanded to the Agency with directions to reinstate the order of the ALJ in accordance with the views expressed in this opinion.

Judge JONES and Judge NIETO concur.