Elaine LANPHIER, Petitioner–Appellant,

v.

DEPARTMENT OF PUBLIC HEALTH AND ENVIRONMENT, Laboratory Radiation Services, Respondent–Appellee,

and

Colorado State Personnel Board, Appellee.

No. 05CA1960.

Colorado Court of Appeals, Div. IV.

May 3, 2007.

Rehearing Denied June 14, 2007.

Certiorari Dismissed Feb. 8, 2008.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2006.

Roseman & Kazmierski, LLC, Barry D. Roseman, Denver, Colorado, for Petitioner–Appellant.

John W. Suthers, Attorney General, Eric W. Freund, Assistant Attorney General, Denver, Colorado, for Respondent–Appellee.

John W. Suthers, Attorney General, Pamela C. Sanchez, Assistant Attorney General, Denver, Colorado, for Appellee.

Opinion by Judge BERNARD.

In this employment termination case, petitioner, Elaine Lanphier, appeals the orders of the Colorado State Personnel Board (Board) denying her motion for extension of time to file a notice of appeal and dismissing her appeal of an initial decision in her employment discrimination case against respondent, the Department of Public Health and Environment (Department). We affirm.

## I. Background

On July 20, 2002, the Department terminated Lanphier's employment. Lanphier filed a charge of employment discrimination with the Colorado Civil Rights Division (Division), claiming she was fired because of her disability and because her requests for reasonable accommodation of her disability had gone unheeded. On November 11, 2003, the Division issued an opinion stating there was probable cause to support Lanphier's claim of impermissible discrimination. However, the Division transferred the case to the Board because it did not have sufficient jurisdictional time to finish the conciliation process.

Following the transfer, a hearing was held before an administrative law judge (ALJ). On August 1, 2005, the Board mailed the ALJ's Initial Decision to the parties. The ALJ denied Lanphier's discrimination claim, as well as a request she made for attorney fees. The ALJ concluded Lanphier had "not met her burden of establishing she requested a reasonable accommodation" for her disability.

The Initial Decision was accompanied by a Notice of Appeal Rights. This Notice stated each party had the right to appeal the ALJ's decision and listed two requirements necessary to appeal: (1) filing a designation of record within twenty days of the date the Initial Decision was mailed to the parties;

and (2) filing a notice of appeal within thirty days after the decision was mailed. The Notice read these documents must be received within twenty and thirty days, respectively, and, if the notice of appeal was not received within that time, "the decision of the ALJ automatically becomes final." As authority, the Notice cited a statute, § 24-4-105(14) and (15), C.R.S.2006, and a decision rendered by a division of this court, *Vendetti v. University of Southern Colorado,* 793 P.2d 657 (Colo.App.1990).

On August 23, 2005, Lanphier filed with the Board a designation of record for an appeal of the Initial Decision. The designation of record did not list any specific allegations of error or reasons why the Board should modify the Initial Decision. On September 1, 2005, Lanphier filed a notice of appeal with the Board.

The following day she filed a motion for a one-day extension of time to file the notice of appeal. The motion conceded the notice of appeal was not filed within thirty days of the Initial Decision, and indicated the reason for the late filing was counsel had been "concentrating on the ten-day gap" between the deadlines for filing the designation of record and the notice of appeal. On the same day, the Department filed a motion to dismiss Lanphier's appeal, contending the notice of appeal was untimely filed and opposing Lanphier's motion for extension of time to file it.

After considering the motions and the parties' responses, the Board denied the motion for extension of time because it was untimely, and granted the motion to dismiss Lanphier's appeal from the ALJ's Initial Decision.

On appeal to this court, Lanphier argues the Board had discretion to grant her motion for extension of time to file her notice of appeal. She also contends her designation of record provided adequate information to serve as a notice of appeal, placing the ALJ, the Department, and the Board on notice of her intent to seek review of the Initial Decision. Under the circumstances of this case, we disagree with both contentions.

## II. Review of an ALJ's Initial Decision

An employee working in the state personnel system whose employment is terminated may petition the Board for a hearing to review the termination decision. *Koinis v. Colo. Dep't of Pub. Safety,* 97 P.3d 193, 195 (Colo.App.2003). The Board's actions are controlled by the Administrative Procedure Act, §§ 24-4-101 to 24-4-108, C.R.S.2006. *See Lawley v. Dep't of Higher Educ.,* 36 P.3d 1239, 1245 (Colo.2001).

Either the Board or an ALJ may conduct the hearing. Section 24-50-125.4(3), C.R.S. 2006; *Dep't of Insts. v. Kinchen,* 886 P.2d 700, 705 (Colo.1994). If an ALJ presides, the ALJ will render an "initial decision." Section 24-4-105(14)(a), C.R.S.2006 ("In any case in which an [ALJ] has conducted the hearing, the [ALJ] shall prepare and file an initial decision which the agency shall serve upon each party. . . ."). An initial decision is defined as "a decision made by [an ALJ] which will become the action of the agency unless reviewed by the agency." Section 24-4-102(6), C.R.S.2006. An initial decision does not become the final decision of an agency until the statutorily established time for appealing the decision to the agency has expired. *W. Colo. Cong. v. Colo. Dep't of Health,* 844 P.2d 1264, 1267 (Colo.App.1992).

Section 24-4-105(14)(a) explains how appeals of initial decisions are made to the administrative agency that will review them. The purpose of agency review is to allow a party dissatisfied with the initial decision to provide the agency with an opportunity to correct any alleged errors without seeking judicial review. *See Winterhawk Outfitters, Inc. v. Office of Outfitters Registration,* 43 P.3d 745, 747 (Colo.App.2002); *N. Washington St. Water & Sanitation Dist. v. Emerson,* 626 P.2d 1152, 1154 (Colo.App.1980).

Parties seeking review of an initial decision must file a designation "of the relevant parts of the record" within twenty days of the decision. Section 24-4-105(15)(a), C.R.S.2006. The failure to file the designation of record in a timely manner does not deprive the agency of jurisdiction to review the initial decision. *Dep't of Higher Educ. v. Singh,* 939 P.2d 491, 493 (Colo.App.1997).

Section 24–4–105(14)(a)(II), C.R.S.2006 (subsection (a)(II)), which applies to most agencies, including the Board, indicates an appeal to the agency is accomplished by filing "exceptions within thirty days after service of the initial decision upon the parties, unless extended by the agency or unless review has been initiated upon motion of the agency within thirty days after service of the initial decision." Likewise, § 24–50–125.4(4), C.R.S.2006, requires a party seeking to modify an initial decision to file an appeal with the Board within thirty days pursuant to § 24–4–105(14). Service is accomplished by mail and is effective as of the date mailed. Section 24–4–105(16)(a), C.R.S.2006; *Vendetti v. Univ. of S. Colo., supra.*

If an exception is not filed pursuant to subsection (a)(II), "the initial decision … shall become the decision of the agency." Section 24–4–105(14)(b)(III), C.R.S.2006. The failure to file exceptions pursuant to subsection (a)(II) "shall result in a waiver of the right to judicial review of the final order of such agency, unless that portion of such order subject to exception is different from the content of the initial decision." Section 24–4–105(14)(c), C.R.S.2006.

Once the Board makes a final decision, either party may appeal the decision to this court. Section 24–50–125.4(3); *Dep't of Insts. v. Kinchen, supra.* For purposes of judicial review, the record must contain, unless otherwise stipulated by the parties, designated documents, including "rulings upon exceptions." Section 24–4–106(6), C.R.S. 2006.

The Board has promulgated rules setting out the procedural requirements for seeking administrative review. Appeals of initial decisions are to be made "in accordance with statute." Appeals must be filed within thirty days of mailing of the initial decision. Timeliness of filing is based upon when the Board receives the appeal. Board Rules 8–67, 8–68, 4 Code Colo. Regs. 801 (2005). A designation of record must be filed within twenty days of the initial decision. Board Rule 8–68. The notice of appeal "shall describe, in detail, the basis for the appeal, the specific findings of fact and/or conclusions of law that are alleged to be improper, and the remedy being sought." Board Rule 8–70.

### III. The Meaning of "Exceptions"

The General Assembly added the requirement of filing "exceptions" to an ALJ's initial decision to § 24–4–105(14) in 1976. Colo. Sess. Laws 1976, ch. 108, § 16 at 584. However, it did not provide a statutory definition of the term.

At common law, there was a difference between an objection and an exception. An objection was designed to bring a question to the court's attention. A party was then obligated to voice an exception to an adverse ruling in order to inform the court of the party's disagreement with the ruling and to preserve the objection for appellate review. By informing the trial court of the specific basis for the exception, a litigant gave the court an opportunity to correct any errors in its ruling. 75 Am.Jur.2d *Trial* § 483; Sheila K. Hyatt & Stephen A. Hess, *Colorado Practice: Civil Rules Annotated* 651 cmt. 46.1 (2005); *cf.* George E. Dix & Robert O. Dawson, 43A *Texas Practice: Criminal Practice and Procedure: Preserving Error for Appeal* § 42.52 (2d ed.2006). Thus, the term "exception" means "[a] formal objection to a court's ruling by a party who wants to preserve an overruled objection or rejected proffer for appeal." *Black's Law Dictionary* 603 (8th ed.2004).

Although exceptions were at one time required in Colorado to preserve objections made at trial for appellate purposes, *see Denniss v. People,* 55 Colo. 120, 133 P. 741 (1913); *Everett v. Wilson,* 34 Colo. 476, 479, 83 P. 211, 212 (1905), they are no longer necessary in civil and criminal cases. C.R.C.P. 46; Crim. P. 51.

We conclude the term "exceptions" in subsection (a)(II) is designed to serve the same purpose as common law exceptions, acting as a statement of specific formal objections designed to place the agency on notice of the basis for the requested review of the initial decision. By requiring such a specific statement, subsection (a)(II) exceptions further the purpose of agency review of initial decisions, providing the agency with an opportunity to correct errors before judicial review is

sought, *see Winterhawk Outfitters, Inc. v. Office of Outfitters Registration, supra; N. Washington St. Water & Sanitation Dist. v. Emerson, supra,* in the same way common law exceptions provided the trial court with an opportunity to correct errors and thereby make appellate review unnecessary. *See Dep't of Higher Educ. v. Singh, supra,* 939 P.2d at 493 ("The ... purpose of the notice of exception ... is to advise the litigants that additional proceedings will be conducted and that, therefore, the agency decision may not be final."); *cf. Colo. River Water Conservation Dist. v. Rocky Mountain Power Co.,* 174 Colo. 309, 313, 486 P.2d 438, 440 (1971) ("The purpose of the statutory provision allowing for the filing of 'objections and exceptions' to the findings of the court prior to the entry of the decree was to allow the fact finder the opportunity to reconsider the entire case before entering a decree based upon such findings. This reconsideration might well entail questions of law as well as fact.").

■ Further, the Board's rules reflect this interpretation. Administrative regulations are presumed valid, and we accord due deference to the statutory interpretation of an agency charged with enforcing the statute. *Pigg v. State Dep't of Highways,* 746 P.2d 961 (Colo.1987). Board Rule 8–70 is consistent with the concept of common law exceptions, requiring a detailed description of "the basis for the appeal, the specific findings of fact and/or conclusions of law that are alleged to be improper, and the remedy being sought."

Moreover, a commentator has explained subsection (a)(II) exceptions in terms consistent with the function of common law exceptions:

Drafting exceptions is similar to writing an appellate brief. There is no set format, as required with a brief, but good exceptions will highlight the disputed issues, set forth supporting facts from the record, include persuasive argument, and provide legal authorities to support the arguments.

Kevin D. Heupel, *Appealing an Administrative Order: The Exceptions Process,* 30 Colo. Law. 91, 9192 (Sept.2001).

The need for specificity in exceptions is confirmed by *Colorado State Board of Medi-*

*cal Examiners v. Thompson,* 944 P.2d 547, 549–50 (Colo.App.1996). There, a division of this court found a particular argument had been waived under § 24–4–105(14)(c) because the argument had not been mentioned in the exceptions.

## IV. Analysis

■ Lanphier filed a designation of record listing the need for several documents "in connection with her appeal in this case." Lanphier's notice of appeal, which Lanphier concedes was filed with the Board one day late, read that Lanphier, through her attorneys, "appeals from the Initial Decision of the administrative law judge, which was received by Complainant's attorneys on August 2, 2005."

Neither of these documents fulfilled the function of exceptions. The designation of record here did not list any specific allegations of error or reasons why the Board should modify the Initial Decision. In addition, the designation of record serves a different purpose than a list of exceptions. *See* § 24–4–105(15)(a); *Dep't of Higher Educ. v. Singh, supra.*

The notice of appeal did not point out specific errors in, or objections to, the Initial Decision. Although the designation of record and notice of appeal may have, individually or in combination, indicated an intention to appeal, they did not satisfy the purpose of exceptions, because they did not notify the agency of what errors needed to be corrected in order to avoid judicial review.

Therefore, Lanphier did not comply with the requirements of subsection (a)(II), because she did not file exceptions. By her failing to do so, the Initial Decision became the Board's final order as a matter of law. *See* § 24–4–105(14)(b)(III); *Winterhawk Outfitters, Inc. v. Office of Outfitters Registration, supra.* Lanphier also waived her right to judicial review of the Initial Decision by not filing exceptions. *See* § 24–4–105(14)(c); *State Bd. of Registration v. Brinker,* 948 P.2d 96, 98 (Colo.App.1997).

■ Even assuming we were to construe Lanphier's notice of appeal as exceptions, Lanphier would not be entitled to relief. The Notice of Appeal Rights attached to the

Initial Decision cited § 24–4–105(14), and so Lanphier was notified of the need to file exceptions under subsection (a)(II) within thirty days of the date of the Initial Decision. The Notice, by citing § 24–4–105(14) and *Vendetti v. University of Southern Colorado, supra,* informed Lanphier that (1) the thirty-day period began when the Initial Decision was mailed, and (2) the Initial Decision would become final by operation of law if exceptions were not received within those thirty days. Thus, Lanphier was on clear notice of what she had to do, and by when, to obtain review of the Initial Decision.

Lanphier conceded the notice of appeal was untimely filed. The motion to extend time for filing the notice of appeal was similarly untimely. Although subsection (a)(II) provides an agency with authority to extend the time for filing exceptions, a motion to extend the time for filing them must be filed within the original thirty-day period. *See State Pers. Bd. v. Gigax,* 659 P.2d 693, 694 (Colo.1983)("[t]here can be no extension of that which has already lapsed or ended" (quoting *Morford v. Colo. Home Inv. Co.,* 62 Colo. 310, 312, 162 P. 147, 148 (1916) (emphasis omitted) ); "[p]romoting the finality of decisions by the [State Personnel] Board was clearly one of the General Assembly's primary objectives" when it established a definitive period in what is now § 24–50–125(3), C.R.S.2006, during which an employee must either (1) appeal an agency's dismissal decision, or (2) request an extension of time to file the appeal).

Thus, the Board did not have the authority to grant Lanphier's motion for extension of time to file the notice of appeal because the motion was also filed beyond the statutory deadline.

The orders of the State Personnel Board denying Lanphier's motion for an extension of time to file a notice of appeal and dismissing Lanphier's appeal of the Initial Decision are affirmed.

Judge CASEBOLT and Judge HAWTHORNE concur.